OPINION
{¶ 1} Jay G. Perez, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court denied appellant's motion to reconsider.
 {¶ 2} Appellant and Lauren C. Angell, defendant-appellee, were never married but had two children together. On August 14, 2002, appellant filed a complaint to allocate parental rights and responsibilities with regard to the two minor children. A lengthy trial *Page 2 
was held before a magistrate who issued a decision that was adopted by the court on July 26, 2005. On August 5, 2005, appellant filed a motion to modify child support, as well as a request to escrow the amount of child support he believed was incorrectly ordered in the July 26, 2005 judgment. A hearing was held October 31, 2005, and judgment was entered on January 30, 2006. Appellant believed there to be errors in the child support calculation, and, on February 3, 2006, appellant filed a motion to reconsider the January 30, 2006 judgment. Appellee countered that the Ohio Rules of Civil Procedure contained no provision permitting a motion to reconsider. A hearing was held May 15, 2006, and the trial court ordered the parties to meet with the guardian ad litem ("GAL") in an attempt to resolve the child support issues. The June 2006 meeting with the GAL failed to resolve the issues. In July 2006, the trial judge recused herself and the GAL withdrew, both at the request of appellant. Subsequently, a visiting judge was appointed, and the visiting judge ordered the parties to file pleadings presenting their respective arguments. On December 18, 2006, a status conference was held. On January 3, 2007, the trial court issued a judgment dismissing appellant's motion to reconsider, finding: (1) appellant's only remedy for the January 30, 2006 judgment was a direct appeal; (2) there exists no provision for a motion to reconsider in the Ohio Rules of Civil Procedure or Ohio case law; (3) none of the requirements for a Civ.R. 60(B) motion were alleged in the motion to reconsider; and (4) Civ.R. 60(B) is not an appropriate vehicle for a modification of child support. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 1. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING AN EVIDENTIARY HEARING REGARDING APPELLANT'S 60(B) MOTION. *Page 3 
 2. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT APPELLANT'S ONLY REMEDY FOR THE DECISION OF JANUARY 30, 2006, WAS AN APPEAL AND THEREFORE THAT APPELLANT WAS NOT ENTITLED TO RELIEF UNDER 60(B).
 3. THE TRIAL COURT ERRED AS AN ABUSE OF DISCRETION BY ALLOWING APPELLANT TO BE HARMED BY FOLLOWING THE ORDER OF THE ORIGINAL JUDGE.
 4. THE TRIAL COURT ERRED AS AN ABUSE OF DISCRETION IT IS [sic] ACTING IN CONTRADICTION OF IT'S [sic] OWN CODE OF PROFESSIONAL RESPONSIBILITY AS IT HAS CONTINUED TO TURN A BLIND EYE TO APPELLEE'S ACTIONS THAT ARE IN DIRECTION VIOLATION OF THE CANONS AND THAT DIRECTLY RELATE TO THE ISSUES RAISED BY APPELLANT IN HIS 60(B) MOTION.
 5. THE TRIAL COURT ERRED AS AN ABUSE OF DISCRETION WHEN IT ORDERED THE APPOINTMENT OF A GUARDIAN AD LITEM FOR POST DECREE ISSUES.
 {¶ 3} We will address appellant's assignments of error out of order to facilitate our analysis. Appellant argues in his second assignment of error that the trial court erred as a matter of law when it found that appellant's only remedy for the judgment of January 30, 2006 was an appeal, and, therefore, appellant was not entitled to relief pursuant to Civ.R. 60(B). We disagree. Final orders are not subject to motions for reconsideration. Yavitch Palmer Co., L.P.A. v. U.S. Four, Inc., Franklin App. No. 05AP-294, 2005-Ohio-5800, at ¶ 10, citing Pitts v.Dept. of Transp. (1981), 67 Ohio St.2d 378, at fn. 1. The only motions a trial court may consider and grant to relieve a party from a final order are motions, pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). Pitts, at 380. In addition, it is well — established that a motion for reconsideration filed after final judgment is a nullity. See *Page 4 Perritt v. Nationwide Mut. Ins. Co., Franklin App. No. 03AP-1008,2004-Ohio-4706, at ¶ 11-14.
 {¶ 4} In the present case, the trial court rendered judgment on January 30, 2006. Instead of seeking an appeal of that order to correct the claimed errors, appellant filed a motion to reconsider on February 3, 2006. As indicated by the case law cited above, such motion was a nullity. To escape the clear repercussions of this venerable legal tenet, appellant first counters that the trial court directed him to file the motion to reconsider, "quoting" an ex-parte discussion he had with the trial judge. Appellant claims he approached the judge and, in order to "avoid any embarrassment to the Court," asked her how to proceed to get the "obvious mistakes" corrected. Appellant quotes the judge's directive and the reasoning for the directive she gave him. However, this alleged quotation from the ex-parte discussion is not included in the record or any transcripts before this court, and is clearly improper evidence upon appeal. Therefore, we cannot consider it.
 {¶ 5} The transcript from a May 15, 2006 hearing does reveal the trial court stated: "Then Mr. Perez asked for leave to file a motion to modify — excuse me, a motion to reconsider. I granted him leave to file a motion to reconsider. He filed that on February 3rd of `06." We presume that the trial court's statement is in reference to the ex-parte discussion alleged by appellant, which was conducted sometime between January 30, 2006 and February 3, 2006. However, the trial court's statement does not aid appellant's argument herein. Initially, the procedural method employed, in these respects, was highly irregular. Apparently, appellant's ex-parte question was considered by the trial court to be a motion for leave to file a motion to reconsider, and her reply was a granting *Page 5 
of leave to file that motion. These acts were undertaken orally and outside the presence of opposing counsel without giving appellee any opportunity to respond. Notwithstanding this procedural irregularity, as a motion to reconsider is a nullity, the trial court's granting of "leave" to file such was without authority.
 {¶ 6} To avoid the results of this conclusion, appellant next contends that the arguments contained in the motion to reconsider were actually a request for relief from judgment under Civ.R. 60(B). "It has long been recognized that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)."Pete's Auto Sales v. Conner (Aug. 24, 2000), Cuyahoga App. No. 77014. This court has, likewise, acknowledged that "trial courts have been allowed some latitude to treat a motion for reconsideration as a motion to vacate pursuant to Civ.R. 60(B), and to rule accordingly."Scherer v. ATT Global Information Solutions Co. (Dec. 4, 1997), Franklin App. No. 97APE06-782. However, in the present case, there is no indication that the original trial judge construed appellant's motion to reconsider as a motion to vacate pursuant to Civ.R. 60(B). In the transcript of the May 15, 2006 hearing, the trial court never indicated it was treating appellant's motion to reconsider as a Civ.R. 60(B) motion, and never mentioned Civ.R. 60(B), its language or any of its requisites. In fact, the trial court's comments at that hearing clearly indicate that the court was considering the motion only as one for reconsideration. As quoted above, the trial court stated: "Then Mr. Perez asked for leave to file a motion to modify — excuse me, a motion to reconsider. I granted him leave to file a motion to reconsider." Thus, the trial court never construed appellant's motion to reconsider as a Civ.R. 60(B) motion. *Page 6 
 {¶ 7} These circumstances differ from those in Scherer, in which we remanded the matter to the trial court for consideration of whether the motion was a motion for reconsideration or a Civ.R. 60(B) motion because the record did not disclose which type of motion the trial court construed it as. To the contrary, here, the trial court plainly indicated that it was addressing appellant's motion as one for reconsideration. However, as a motion to reconsider, it was a nullity, and the trial court was without power to entertain it. See, also,Uhrin v. City of Campbell (Sept. 20, 2001), Mahoning App. No. 00 C.A. 53 (although it was within the trial court's discretion to treat appellant's motion as a Civ.R. 60[B] motion, rather than as a motion for reconsideration, it was apparent from the filings and the court's judgment entry that the court did not treat the motion as such; thus, the motion for reconsideration in the trial court was a civil nullity).
 {¶ 8} In addition, this case is unlike the circumstances we faced inAnthony v. Central Ohio Transit Auth. (Sept. 29, 1988), Franklin App. No. 88AP-182, in which we concluded that the trial court erred in not construing plaintiff's "motion for reconsideration" as one for relief from judgment pursuant to Civ.R. 60(B). In Anthony, we found the "motion for reconsideration" was, "in substance," a Civ.R. 60(B) motion. To support our conclusion, we pointed to the following facts: (1) plaintiffs stated in the first full paragraph of the motion for reconsideration that the decision should have been reconsidered under Civ.R. 60(B); (2) counsel attached an affidavit stating that the affidavit was being made in support of the "motion for relief from judgment"; (3) the memorandum in support of the motion set forth that plaintiffs had a meritorious claim if relief is granted, that plaintiffs were entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5), and that the motion was made within a reasonable time, citing GTE Automatic Elec. v. ARC Industries *Page 7 
(1976), 47 Ohio St.2d 146. In contradistinction, in the present case, appellant's written February 3, 2006 "motion to reconsider" contains not a single indication that appellant was moving the court to vacate the judgment based upon Civ.R. 60(B), and appellant does not allege that, during his ex-parte discussion with the trial court, he ever discussed Civ.R. 60(B).
 {¶ 9} We do note that appellant discussed Civ.R. 60(B) in his memorandum contra appellee's reply to his motion to reconsider. However, even if the trial court had construed appellant's motion to reconsider as a Civ.R. 60(B) motion, appellant would nevertheless be subject to the fundamental proposition that a Civ.R. 60(B) motion may not be used as a substitute for appeal. See Doe v. Trumbull Cty. Children Servs. Bd.
(1986), 28 Ohio St.3d 128. Appellant's motion to reconsider was premised on several arguments: (1) an incorrect figure for health insurance costs was used on the child support worksheet; (2) an incorrect figure for appellee's gross income was used on the child support worksheet; (3) an incorrect figure for daycare costs was used on the child support worksheet; and (4) the trial court erred in finding 23 percent was the proper deviation from the child support worksheet amount when the magistrate had found appellant was entitled to a 40 percent deviation. Despite appellant's view that he sought only to correct "something so simple as to plug in accurate figures into a child support calculation formula," appellant's motion to reconsider concerns substantive, contested factual issues and potentially complex legal arguments. These claimed errors could have been supported by transcripts and evidence in the record. Consequently, the only proper vehicle for the correction of these perceived errors was a direct appeal, not a Civ.R. 60(B) motion. See Bocko v. Limoli (July 13, 1994), Greene App. No. 93 CA 93 (because the *Page 8 
errors raised in the motion for reconsideration could have been supported by the trial transcript and trial exhibits, the only proper vehicle for the correction of these perceived errors was a direct appeal, not a Civ.R. 60[B] motion). Appellant's filing of the motion to reconsider cannot be used to circumvent a direct appeal, which exists precisely for the circumstances that faced appellant in the current case. Therefore, even if this court were to construe appellant's motion to reconsider as one for relief from judgment, we would find that the motion was impermissibly utilized as a substitute for appeal.
 {¶ 10} For these reasons, we find that the trial court did not err in finding that appellant's motion to reconsider should be denied because there is no provision for a motion to reconsider in the Ohio Rules of Civil Procedure, and appellant's second assignment of error is overruled. Given this determination, appellant's first assignment of error, that the trial court erred as a matter of law by not allowing an evidentiary hearing regarding his Civ.R. 60(B) motion, is overruled. Likewise, appellant's third assignment of error, that the trial court abused its discretion by allowing him to be harmed by following the court order of the original judgment, is overruled.
 {¶ 11} Appellant argues in his fourth assignment of error that the trial court abused its discretion by acting in direct contradiction of its own code of professional responsibility, as it has continued to "turn a blind eye" to appellee's actions that are in direct violation of the canons that relate to the issues raised by appellant in his Civ.R. 60(B) motion. Generally, appellant maintains that appellee is intentionally lying about the figures she supplied to the trial court to determine child support, and she is receiving funds to which she knows she is not entitled. Initially, appellant does not address the issue that appellee was represented by counsel and was acting as a party in the proceedings, not in the *Page 9 
capacity of an attorney. The allegations appellant asserts are grounded in actions taken by and representations made through appellee's attorney, and not the actions of appellee herself. Notwithstanding, appellant's assertions are without support. Appellant terms the child support "numbers" as "black and white" and "simple," and appellee's actions in supplying the wrong figures as "deliberate," "prejudicial," "needless," "fraudulent," "deceptive," "illegal," and "misleading." However, there has been no determination by the trial court that appellee has engaged in any such behavior, leaving this court with no decision or judgment to review. There is also no evidence in the record that the trial court ever had these allegations before it, so as to permit this court to find error in its failure to address them. Further, appellant's disagreement with the information submitted by appellee is a matter befitting of litigation. The figures submitted by appellee and used by the trial court in determining child support were subject to review upon appeal, and appellant was free to appeal the trial court's judgment but did not do so. In sum, this court lacks the ability to address appellant's unsupported allegations in this appeal. Therefore, appellant's fourth assignment of error is overruled.
 {¶ 12} Appellant argues in his fifth assignment of error that the trial court abused its discretion when it ordered the appointment of a GAL for post-decree issues. A GAL served the parties for four years, until July 24, 2006, when appellant requested that the GAL be removed because the GAL had contributed money to the campaign of appellant's former political opponent. Consequently, despite his disagreement that he harbored any bias, the GAL withdrew. In the judgment under review in this appeal, the trial court indicated it would enter judgment to appoint a new GAL. Appellant complains herein that a replacement GAL should not be named because the prior GAL had been in place for *Page 10 
four years but had been unable to resolve "even one issue" between the parties. As evidence of the ineffectiveness of the prior GAL, appellant points to the parties' three-hour meeting on June 9, 2006, during which "[the GAL] could not even get [appellee] to admit that she earns anything more than $39,000." Further, appellant complains that the only issues outstanding before the court are contempt motions, child support, and attorney fees, none of which call for the need to appoint a GAL.
 {¶ 13} An abuse of discretion standard applies to the juvenile court's decision to appoint a GAL. In re Spradlin (2000), 140 Ohio App.3d 402,407. The relevant question on appeal is whether the record reveals an actual or potential conflict of interest which required the appointment of a GAL. In re Cook, Ashtabula App. No. 2003-A-0132, 2005-Ohio-5288, at ¶ 26; see, also, R.C. 2151.281(A)(2) (the court shall appoint a GAL, to protect the interest of the child when the court finds that there is a conflict of interest between the child and the child's parent, guardian or legal custodian); Juv.R. 4(B)(2) and (8) (the court shall appoint a GAL to protect the interests of a child when the interests of the child and the interests of the parent may conflict or appointment is otherwise necessary to meet the requirements of a fair hearing).
 {¶ 14} Notwithstanding the inability of the prior GAL to steer the parties to agreement on any issue in these contentious proceedings, there remain issues pending before the court that require a GAL to protect the interests of the children. Several contempt motions remained pending at the time of the trial court's judgment, and the disputed issues included the allocation of parenting time; make-up parenting time; the allocation of summer time, vacation time, and holidays; and denial of parenting time. These are issues that involve the best interests of the children, which the GAL is *Page 11 
appointed to protect. The duty of a GAL is to investigate the ward's situation and then to ask the court to do what the guardian feels is in the ward's best interest. In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 232. Further, one goal of a court in appointing a GAL is to prevent the parties from litigating every minor dispute concerning visitation. See Dull v. Kingsley (Dec. 21, 1998), Preble App. No. CA97-12-032; see, also, Martin v. Martin (Aug. 22, 1986), Geauga App. No. 1288 (the role of the GAL consisted of mediating visitation disputes and protecting the best interests of the children). Here, among other things, there was likely the hope by the trial court that a new GAL could assist the parties to avoid litigating the relatively minor disagreements over the precise parenting time schedule, despite appellant's claim that the prior GAL could not. The role of the GAL is relevant where, as here, the parents continue to be in conflict with one another. For these reasons, we find the trial court did not abuse its discretion when it ordered that a GAL be appointed. Therefore, appellant's fifth assignment of error is overruled.
 {¶ 15} Accordingly, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1