OPINION
{¶ 1} Defendant-Appellant/Cross-Appellee, Darla M. Ham, appeals the judgment of the Wyandot County Court of Common Pleas, Domestic Relations Division, granting Plaintiff-Appellee/Cross-Appellant's, Daniel G. Ham, complaint for divorce. On appeal, Darla asserts that the trial court erred by declining to award her more spousal support; by determining that a savings account was marital property; by valuing the savings account on the date of the separation; by declining to consider her refinancing of the marital residence; by ordering that the marital residence be sold at auction; by concluding that she failed to trace her premarital interest in a motor vehicle; by declining to recognize a stipulation of the parties in the divorce decree; and, by dividing the marital estate inequitably and unequally. Additionally, in his cross-appeal, Daniel asserts that the trial court erred in granting Darla's motion for reconsideration of her motion to vacate pursuant to Civ.R. 60(B). Finding that the trial court erred in granting Darla's motion for reconsideration of her motion to vacate pursuant to Civ.R. 60(B), we dismiss this appeal as untimely.
 {¶ 2} Daniel and Darla were married on April 25, 1998, and have no minor children born as issue of the marriage. *Page 3 
 {¶ 3} In October 2005, Daniel filed a complaint for divorce. Subsequently, he moved the court for temporary orders, requesting that both parties be restrained from selling, transferring, encumbering, disposing of, secreting, or dissipating the parties' assets, properties, or funds; that he receive exclusive use of the marital residence at 18205 CR 96, Upper Sandusky (hereinafter referred to as "the residence"); that he receive exclusive use of a 2005 Chevy truck; that he receive exclusive possession of credit card statements in his individual name and in the parties' names jointly; that he receive exclusive possession of payment books for the residence and the 2005 Chevy truck; that each party's obligation towards payment of the marital debt be determined; and, that Darla pay him temporary and permanent spousal support.
 {¶ 4} In November 2005, Darla filed her answer to Daniel's complaint for divorce, requesting that Daniel's complaint be dismissed at his cost. Additionally, Darla filed a counterclaim for divorce, requesting that Daniel pay her temporary and permanent spousal support; that she receive an equitable division of the parties' property and marital debts; and, that she receive attorney fees. Additionally, Darla indicated that she owned a trailer as premarital personal property; that she owned a savings account for her children containing $4,000; and, that she owned seven credit cards in her name with a total debt of $20,000. Subsequently, Darla moved for temporary orders requesting that both parties be *Page 4 
restrained from the disposition or encumbrance of the parties' personal or joint property; that she receive exclusive use of the residence; and, that Daniel pay her spousal support.
 {¶ 5} In December 2005, pursuant to the parties' agreement, the trial court granted orders restraining both parties from dissipating the parties' assets, properties, and funds; granting Darla exclusive use of the residence and designating her as solely responsible for payment of utilities and insurance on the residence; requiring the parties to share equally the payment of real estate taxes on the residence; requiring Daniel to pay the first mortgage and the home equity loan on the residence; granting Daniel exclusive use of the 2005 Chevy truck; granting Darla exclusive use of a 2005 Pontiac vehicle; ordering both parties to cease using the other party's credit to incur debts; and, ordering the parties to pay the debt on their respective credit cards.
 {¶ 6} In October 2006, a magistrate conducted the final divorce hearing.
 {¶ 7} In November 2006, the parties stipulated that Darla was entitled to one-half of Daniel's profit sharing plan valued at $22,478.80; that the trial court should issue a qualified domestic relations order directing that one-half of the profit sharing plan funds be released to Darla; and, that an American Funds account was Daniel's pre-marital property. *Page 5 
 {¶ 8} On December 5, 2006, the magistrate filed a decision ordering that the marriage be terminated; that Daniel pay Darla $100 per month in spousal support; that the residence be sold at public auction with the first $6,780.10 in proceeds to be received by Darla, and the rest to be split equally between the parties; that the parties retain their respective vehicles and the debt associated with them; that the parties each pay the debt on their respective credit cards; that Daniel receive the American Funds account as his separate property; that the parties share equally Daniel's profit sharing account; and, that Darla retain her savings account and trailer. Neither party filed objections to the magistrate's decision. On December 15, 2006, the magistrate sua sponte filed a Nunc Pro Tunc magistrate's decision to correct a mathematical error in the calculation of Daniel's credit card debt. All other orders remained the same and neither party filed timely objections to the Nunc Pro Tunc magistrate's decision.
 {¶ 9} On January 3, 2007, the trial court adopted the Nunc Pro Tunc magistrate's decision in its entirety. On January 10, 2007, the trial court issued the final judgment entry decree of divorce. Neither party appealed the final judgment entry decree of divorce. On January 19, 2007, Darla filed a motion to vacate judgment pursuant to Civ.R. 60(B) and a motion for leave to file objections to the magistrate's decision due to excusable neglect, stating that her counsel's secretary had inadvertently failed to provide a copy of the December 5 magistrate's decision *Page 6 
to her or her counsel. The same day, Daniel responded to Darla's Civ.R. 60(B) motion in opposition, stating that his counsel spoke with Darla's counsel's secretary on at least one occasion about the December 5 magistrate's decision. Additionally, Daniel asserted that, even if Darla and her counsel had not received the December 5 magistrate's decision, the magistrate also filed a Nunc Pro Tunc decision on December 15, 2006, giving Darla and her counsel ample notice to file objections. On January 24, 2007, the trial court denied Darla's Civ.R. 60(B) motion, stating that her counsel failed to explain why no objections were filed to the Nunc Pro Tunc magistrate's decision. On January 31, 2007, Darla filed a motion for reconsideration of the trial court's denial of her Civ.R. 60(B) motion, stating that her counsel's secretary had also inadvertently failed to provide her or her counsel with a copy of the Nunc Pro Tunc magistrate's decision.
 {¶ 10} On February 1, 2007, Daniel filed a response in opposition to Darla's motion for reconsideration. On February 7, 2007, the trial court granted Darla's motion for reconsideration on the basis of excusable neglect, vacated the final judgment entry decree of divorce, and granted Darla leave to file a transcript and object to the Nunc Pro Tunc magistrate's decision. On February 15, 2007, Darla filed objections to the Nunc Pro Tunc magistrate's decision and requested leave to transcribe the final divorce proceedings.
 {¶ 11} On April 10, 2007, Darla supplemented her objections. *Page 7 
 {¶ 12} On May 2, 2007, the trial court issued a decision denying Darla's objections and adopting the Nunc Pro Tunc magistrate's decision. On May 9, 2007, the trial court issued the second final judgment entry decree of divorce.
 {¶ 13} It is from the May 9, 2007 judgment entry decree of divorce that Darla appeals. Daniel has filed a cross-appeal from the May 9, 2007 judgment entry decree of divorce and the February 7, 2007 order granting Darla's motion for reconsideration. Darla and Daniel present the following assignments of error and cross-assignment of error for our review, respectively.
 Darla's Assignment of Error No. I THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO AWARD HER REASONABLE AND APPROPRIATE SPOUSAL SUPPORT.
 Darla's Assignment of Error No. II THE COURT ERRED TO THE PREJUDICE OF APPELLANT IN DETERMINING THE SAVINGS ACCOUNT WAS MARITAL PROPERTY.
 Darla's Assignment of Error No. III THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DETERMINING THE VALUE OF THE SAVINGS ACCOUNT.
 Darla's Assignment of Error No. IV THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CONSIDER APPELLANT'S REFINANCING OF THE MARITAL RESIDENCE. *Page 8 
 Darla's Assignment of Error No. V THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS DISPOSITION OF THE MARITAL RESIDENCE.
 Darla's Assignment of Error No. VI THE COURT ERRED IN CONCLUDING THAT THE APPELLANT FAILED TO TRACE HER PREMARITAL INTEREST IN A MOTOR VEHICLE.
 Darla's Assignment of Error No. VII TO THE EXTENT THAT THE DIVORCE DECREE FAILS TO SPECIFY THE PARTIES' STIPULATION, THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT.
 Darla's Assignment of Error No. VIII THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DIVIDING THE MARITAL ESTATE INEQUITABLY AND UNEQUALLY.
 Daniel's Cross-Assignment of Error THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO VACATE PURSUANT TO OHIO CIVIL RULE 60(B).
 {¶ 14} Before addressing the merits of Darla's assignments of error or Daniel's cross-assignment of error, we must first determine whether jurisdiction exists to hear this appeal. Courts of appeal are required to sua sponte raise jurisdictional issues involving final appealable orders. In re Murray (1990), 52 *Page 9 
Ohio St.3d 155, 159 fn. 2, citing Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 15} The Supreme Court of Ohio has held that the Rules of Civil Procedure do not allow a party to obtain relief from final judgment in a trial court via a motion for reconsideration, as this method "is conspicuously absent within the Rules." Pitts v. Dept. of Tramp. (1981),67 Ohio St.2d 378, 379-380[1]. A party may file a motion for reconsideration in a trial court only to obtain relief from an interlocutory order or decision. See Frey v. Frey, 3d Dist. No. 5-06-36,2007-Ohio-2991, at ¶¶ 21-23; Civ.R. 54(B). The Supreme Court stated that the civil rules allow a party to seek relief from a final judgment in the trial court only through Civ.R. 50(B), a motion notwithstanding the verdict; through Civ.R. 59, a motion for a new trial; or, through Civ.R. 60(B), a motion for relief from judgment. Pitts, 67 Ohio St.2d at 380. Accordingly, the Supreme Court held that "* * * motions for reconsideration of a final judgment in the trial court are a nullity."Pitts, 67 Ohio St.2d at 379. The Supreme Court reasoned that, "[complications concerning the timeliness of appeal and whether the Court of Appeals is vested with jurisdiction when a motion for reconsideration is filed after a final judgment can and should be avoided." Id. Thus, any order that a trial court *Page 10 
may have entered granting or denying such a motion for reconsideration is also a legal nullity. Robinson v. Robinson, 168 Ohio App.3d 476,2006-Ohio-4282, at ¶ 17, citing Pitts, supra.
 {¶ 16} In applying Pitts, Robinson speculated that a "[domestic relations court may, in its discretion, elect to treat such an application [for reconsideration] as a Civ.R. 60(B) motion to vacate a prior order." Robinson, 2006-Ohio-4282, at ¶ 18. Even though a trial court may treat a motion for reconsideration as a Civ.R. 60(B) motion, it must give the responding party notice of its intention to do so and an opportunity to respond to the converted Civ.R. 60(B) motion before granting it. Consolidated Rail Corp., v. Forest Cartage Co. (1990),68 Ohio App.3d 333, 341; see, also, Horak v. Horak (1997), 8th Dist. No. 71930, 1997 WL 449976.
 {¶ 17} Further "App.R. 4(A) expressly provides that a notice of appeal must be filed within 30 days of the filing of the entry of judgment appealed from." Pitts, 67 Ohio St.2d at 380. Additionally, "[t]he filing of a motion for reconsideration does not toll the time requirement" for filing an appeal. Horak, supra, citing Zeff v. Rose Chevrolet, Inc.
(1989), 62 Ohio App.3d 54; Ditmars v. Ditmars (1984),16 Ohio App.3d 174. Finally, where no timely notice of appeal has been filed, a court lacks jurisdiction to determine an appeal. Horak, supra, citingStein v. Wyandotte Wine Cellars, Inc. (1993), 88 Ohio App.3d 477. *Page 11 
 {¶ 18} Here, the trial court issued the only valid final judgment entry decree of divorce on January 10, 2007, and issued the final judgment entry denying Darla's Civ.R. 60(B) motion on January 24, 2007. Because Darla could not file a motion for reconsideration after this point under Pitts, the trial court's order granting her January 31, 2007 motion for reconsideration, her February 15, 2007 objections, and the resulting May 9, 2007 judgment entry decree of divorce were legal nullities and should be vacated by the trial court. Darla did not appeal the final judgment entry decree of divorce until May 23, 2007, nor did her motion for reconsideration toll the time for appeal, making her appeal untimely under App.R. 4(A). Accordingly, this Court is without jurisdiction to determine Darla's appeal.
 {¶ 19} Additionally, we note that Darla argues the trial court was permitted to, and chose to, treat her motion for reconsideration as a Civ.R. 60(B) motion to vacate pursuant to Robinson, supra. InRobinson, a magistrate filed a child support decision to which the father timely objected. Subsequently, the trial court overruled the father's objections and adopted the decision, issuing a final judgment entry from which the father simultaneously appealed and filed a motion for reconsideration in the trial court. The appellate court stated that, following disposition of the appeal, the father could request the trial court to treat his motion for reconsideration as a Civ.R. 60(B) motion. However, the case sub judice is distinguishable from Robinson because Darla failed to timely file objections to *Page 12 
either the December 5 or December 15 magistrate's decisions, filed a Civ.R. 60(B) motion to vacate the final judgment entry decree of divorce, which the trial court denied, and then filed a motion for reconsideration. Therefore, even if the trial court could consider Darla's motion for reconsideration to be a Civ.R. 60(B) motion, it would be her second Civ.R. 60(B) motion and, thus, barred by res judicata. Moreover, the record does not reflect that the trial court either gave the parties notice of an intention to convert the motion for reconsideration into a Civ.R. 60(B) motion or an opportunity to respond to a conversion. Thus, we find that the trial court could not have and did not choose to treat Darla's motion for reconsideration as a second Civ.R. 60(B) motion.
 {¶ 20} Accordingly, we reiterate that the trial court should vacate its February 7, 2007 order granting Darla's motion for reconsideration and May 9, 2007 judgment entry decree of divorce, and we dismiss this appeal and cross-appeal for lack of jurisdiction.
Appeal dismissed.
SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] We note that Pitts is not a domestic relations case; however, its holding has been applied in many domestic relations cases. See Frey v.Frey, 3d Dist. No. 5-06-36, 2007-Ohio-2991; Keyerleber v.Keyerleber, 11th Dist. No. 2007-A-0010, 2007-Ohio-3018; Barnhisel v.Barnhisel, 6th Dist. No. WD-06-024, 2007-Ohio-446; Robinson v.Robinson, 168 Ohio App.3d 476, 2006-Ohio-4282; Myers v. Myers, 9th Dist. No. 22393, 2005-Ohio-3800. *Page 1