MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the April 9, 2008 judgment of the Geauga County Court of Common Pleas, denying her post-decree "Statement to Clarify Two Separate Civ. R. 60(B) Amendments — 1 Fraud: A, B, C, D and 2 — Fraud: E filed on March 18, 2008" and the "Amendment to Ex-Parte Motion filed March 14, 2008: Support Computation and Orders," both of which were filed on March 20, 2008. *Page 2 
Appellant filed these documents in the trial court while the appeal in the parties' divorce case was pending in this court. In the amendment to her motion, appellant requested that the trial court: (1) order appellee, Garry A. Nemeth, to give her possession and control of the marital residence; (2) order appellee to obtain a credit card for her with an available cash limit of $2,000; and (3) order appellee to put title to a vehicle in her name. The trial court in its entry found it lacked jurisdiction to rule on appellant's motion because it requested modification of the court's property division in the divorce decree, and in appellant's pending appeal, she challenged the trial court's property division.
 {¶ 2} Our review of the trial court's docket in the divorce case indicates that on April 9, 2008, the date of the trial court's judgment denying appellant's filings, appellant's appeal of the divorce decree was pending before this court in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263 ("Nemeth I"). Our review of the appellate docket in Nemeth I shows that, prior to the issuance of our opinion in that case, the divorce case had never been remanded to the trial court for the purpose of ruling on the foregoing March 20, 2008 filings, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed *Page 3 
judgment so long as a stay of execution has not been issued. ChaseManhattan Mtge. Corp., supra. On the other hand, a trial court loses the ability to rule upon a Civ. R. 60(B) motion for relief from judgment because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order. State ex rel.Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558. An appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment. Howard v. Catholic Social Services (1994),70 Ohio St.3d 141, 147. Since the trial court lacked jurisdiction to consider the merits of appellant's Civ. R. 60(B) motion, it also lacked jurisdiction to consider her "statement to clarify" such motion.
 {¶ 4} Further, because the thrust of appellant's "amendments" to her ex parte motion was to request a modification of the trial court's division of property, a ruling on these filings by the trial court would have conflicted with our ability to review the divorce decree. For this additional reason, the trial court lacked jurisdiction to rule on these filings.
 {¶ 5} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1