[Cite as *Young v. Young*, 2013-Ohio-4933.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jennifer L. Young, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-95 |
| v. | : | (C.P.C. No. 10DR-02-441) |
| Stephen A. Young, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 7, 2013

*Tamms Law Office, LLC,* and *Christopher J. Tamms*, for appellee.

*Mularski, Bonham, Dittmer & Phillips, LLC*, and *Raymond J. Mularski*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

CONNOR, J.

{¶ 1} Defendant-appellant, Stephen A. Young ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, modifying the parties' August 30, 2012 divorce decree.

I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and plaintiff-appellee, Jennifer L. Young ("appellee"), were married July 21, 1989.  On February 4, 2010, appellee filed a complaint for divorce.  On August 30, 2012, the trial court issued a "Judgment Entry / Decree of Divorce."  On

September 20, 2012, appellant filed a motion to stay the judgment, pursuant to Civ.R. 62, and a motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 3}   Thereafter, on September 28, 2012, appellant filed a notice of appeal to this court from the trial court's August 30, 2012 judgment.   Appellant set forth nine assignments of error, including the following: "The trial court erred and abused its discretion in failing to include on the marital balance sheet the value of the survivorship interest in Defendant-Appellant's OPERS pension awarded to Plaintiff-Appellee."

{¶ 4}   On January 8, 2013, the trial court issued an entry granting the motion for relief from judgment.  The judgment entry states in relevant part:

> The Court corrects page 17 of the Decree of Divorce, first full paragraph, first line to read as follows:
>
> Here, Stephen worked 22.53 years **(including a 1.67 year buy-back of service purchase credit)** while married to Jennifer and spent a total of 28.99 years contributing to the plan (assuming an immediate retirement date per Mr. Hogan), which results in a coverture fraction of 77.348%.
>
> The COLA issue will be properly addressed by the Court of Appeals and is OVERRULED herein.

(Emphasis sic.) (Jan. 8, 2013 Trial Court Decision, 2.)

{¶ 5}   This court subsequently issued its decision in *Young v. Young*, 10th Dist. No. 12AP-845, 2013-Ohio-2568, on June 20, 2013.   No further appeal was taken by appellant.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}   In his current appeal, from the January 8, 2013 judgment, appellant assigns the following assignments of error:

> [I.] The trial court erred and was unreasonable in calculating the coverture fraction of the Defendant-Appellant's OPERS pension by failing to use the 20.98 years as determined by the *de facto* termination date of the marriage.
>
> [II.] The trial court erred and was unreasonable in awarding to the Plaintiff-Appellee the cost of living allowance (COLA), of 3% in perpetuity, in its division of the Defendant-Appellant's OPERS pension.

## III.  JURISDICTION AND STANDARD OF REVIEW

{¶ 7}  "Subject-matter jurisdiction" connotes power conferred on a court to hear and decide a case upon "its merits, and render an enforceable judgment over the action." *Pole v. Ohio Dept. of Health*, 10th Dist. No. 08AP-1110, 2009-Ohio-5021, ¶ 7, citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus.  The lack of subject-matter jurisdiction may be raised at any stage of the proceeding.  *In re Byard*, 74 Ohio St.3d 294, 296 (1996).  When deciding questions of subject-matter jurisdiction, we apply a de novo standard of review.  *Slaughter v. Slaughter*, 10th Dist. No. 11AP-997, 2012-Ohio-3973.

{¶ 8}  Appellee argues that the doctrine of res judicata prevents appellant from raising issues of coverture and cost of living allowance ("COLA") in a motion brought, pursuant to Civ.R. 60(B), inasmuch as appellant could have raised those issues in his direct appeal to this court in *Young,* but failed to do so.  While we agree generally with appellee's analysis, we believe that the threshold issue is one of jurisdiction rather than issue preclusion.  In our decision, the trial court lacked jurisdiction to modify its property division once appellant filed the notice of appeal in *Young.*

## IV.  LEGAL ANALYSIS

{¶ 9}  As a general rule, the filing of a notice of appeal divests the trial court of jurisdiction over those aspects of the case on appeal.  *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141 (1994).  "[T]he trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment."  *Id.* at 146.  This retained jurisdiction includes the authority to rule on collateral issues such as contempt, appointment of a receiver, and injunction.  *State ex rel. Special Prosecutors v. Judges Court of Common Pleas,* 55 Ohio St.2d 94, 97 (1978).  In the context of domestic relations, Civ.R. 75 expressly permits a trial court to modify certain provisions in a divorce decree pending appeal.  The rule states in relevant part: "A motion to modify, pending appeal, either *a decree allocating parental rights and responsibilities for the care of children, a spousal or other support order*, shall be made to the trial court in the first instance, whether made before or after a notice of appeal is filed."  (Emphasis added.)  Civ.R. 75(H).

{¶ 10} Neither the rule nor the common law permit a trial court to modify its property division pending appeal. *See Nemeth v. Nemeth*, 11th Dist. No. 2008-G-2833, 2008-Ohio-4677. Pension and retirement benefits earned during the course of a marriage are marital assets subject to evaluation and consideration in making an equitable distribution of the parties' marital property. *Cameron v. Cameron*, 10th Dist. No. 12AP-349, 2012-Ohio-6258, ¶ 10, citing *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 178 (1990). In appellant's Civ.R. 60(B) motion filed September 28, 2012, appellant sought the following relief:

> [R]educing the equity value of the Defendant's 2009 Chevrolet Impala, and adjusting the Property Division Equalization and Net Distribution Numbers accordingly. The Court is also respectfully requested to lower the coverture calculation of the Defendant's retirement plan pursuant to the de facto termination date of the marriage.

(Emphasis sic.) (Appellant's Motion, 3.)

{¶ 11} Appellant's motion clearly seeks a modification of the property division made by the trial court in its August 30, 2012 Judgment Entry/Decree of Divorce. Appellant chose to seek relief from specific aspects of the trial court's property division by filing a motion for relief from judgment while simultaneously seeking review of other aspects of the property division by way of a direct appeal to this court. Appellant did not challenge either the coverture calculation or the COLA award in his appeal in *Young,* even though he specifically challenged the trial court's valuation of appellee's survivorship interest in his OPERS pension.[1] It is well-settled that a Civ.R. 60(B) motion may not be used as a substitute for appeal. *Perez v. Angell*, 10th Dist. No. 07AP-37, 2007-Ohio-4519, ¶ 9, citing *Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128 (1986).

{¶ 12} Based upon the foregoing, we hold that the trial court did not have jurisdiction, in the context of Civ.R. 60(B), to modify its August 30, 2012 property division. Under Ohio law, a judgment rendered by a court without jurisdiction is a void

---

[1] Our decision reads in relevant part: "The trial court had no information upon which to base a value for the survivorship interest Jennifer received as a result of the trial court dividing up the value of Stephen's retirement account with the Ohio Public Employees Retirement System as of the date the marriage was deemed to have ended. As a result, we cannot fault the trial court for failing to assign a value. Further, a serious question existed as to when, if ever, Jennifer would receive such a value. The trial court acted within its discretion in its handling of this issue." *Young* at ¶ 20.

judgment.  *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus.  Thus, the trial court's January 8, 2013 judgment is a void judgment. *Id.*

{¶ 13} Furthermore, "Ohio appellate courts have uniformly recognized that void judgments do not constitute final, appealable orders." *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671, ¶ 36.  Although the parties do not question whether the January 8, 2013 judgment is a final appealable order, we are constrained to raise the issue, sua sponte, and to dismiss an appeal that is not taken from a final, appealable order.  *See, e.g., Ohio Bur. of Workers' Comp. v. Shaffer,* 10th Dist. No. 13AP-67, 2013-Ohio-4570; *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997); *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.); *Braelinn Green Condominium Unit Owner's Assn. v. Italia Homes, Inc.,* 10th Dist. No. 09AP-1144, 2010-Ohio-2371, ¶ 6.  Therefore, this appeal shall be dismissed due to the lack of a final appealable order.

## V.  DISPOSITION

{¶ 14} Inasmuch as the judgment underlying this appeal is not a final appealable order, the appeal is hereby dismissed.

*Appeal dismissed.*

KLATT, P.J., and TYACK, J., concur.