[Cite as *Wank v. Wank*, 2015-Ohio-3094.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### PAULDING COUNTY

RENEE L. WANK,

     PLAINTIFF-APPELLEE,          CASE NO.  11-15-03

     v.

DAVID P. WANK,               **O P I N I O N**

     DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Domestic Relations Division
Trial Court No. DIV 12-162

Appeal Dismissed

Date of Decision:   August 3, 2015

APPEARANCES:

    *Eric A. Mertz*  for Appellant

    *Danny A. Hill*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant David Wank ("David") appeals the March 6, 2015, judgment of the Paulding County Common Pleas Court granting the "Motion for Reconsideration" of plaintiff-appellee Renee Wank ("Renee") in which Renee contended that the trial court erred in calculating the equalization of marital property because it did not subtract David's separate premarital contribution from the total equity in the parties' real property before dividing the equity. The trial court agreed with Renee's argument in her "Motion for Reconsideration" and therefore vacated its prior order related to that calculation and reduced the sum that it had ordered Renee to pay David from $38,949.27 to $31,224.64.

{¶2} The facts relevant to this appeal are as follows. Renee and David were married on April 17, 1993. (Doc. No. 1). They had four children together. On August 7, 2012, Renee filed a complaint for divorce alleging that the parties were incompatible. (*Id.*)

{¶3} On September 13, 2012, David filed his answer, initially denying that the parties were incompatible. (Doc. No. 12).

{¶4} On August 28, 2013, Renee filed a motion to amend her complaint to allege additional grounds for divorce including that David was a "habitual drunkard," that David was guilty of extreme cruelty, that David grossly neglected

his duties to his family, and that the parties had lived separate and apart without cohabitation for a year.  (Doc. 28).

{¶5} On August 28, 2013, the motion to amend the complaint was granted. (Doc. No. 30).

{¶6} On September 20, 2013, David filed his answer to the amended complaint, denying the allegations that would allow for a divorce.  (Doc. No. 42).

{¶7} On November 22, 2013, a journal entry was filed referring the parties to mediation.  (Doc. No. 53).  The parties did go through mediation, and as a result of that mediation, they reached a partial agreement on the distribution of some of their assets.  (Doc. No. 57).  The remaining unresolved issues were referred back to the trial court.  (*Id.*)

{¶8} On October 28, 2014, the trial court had the parties reduce their partial agreement to writing and the court filed a "Partial Final Judgment Entry," indicating that the parties had reached an agreement as to the grounds for divorce (incompatibility) and the division of some of the marital property.  (Doc. No. 104). With regard to the issues relevant to this appeal, the partial final judgment entry stated that the parties agreed that there was a total of $47,000.00 in equity in the parties' two residences—the marital residence in Defiance, Ohio, and the "Lake property" in Camden, Michigan.  (*Id.*)  The partial final judgment entry indicated that, "In order to equalize the equity in the Lake property located at 14790 East

Merry Drive, Camden, Michigan and the marital residence located at 13621 Co. Rd. 263, Defiance, Ohio, [Renee] shall pay [David] the sum of twenty three thousand five hundred Dollars ($23,500.00)." (*Id.*)

{¶9} The partial final judgment entry then indicated that the following issues still needed to be determined:

> **Defendant's pre-marital interest in the property located at 13621 CR 263 Defiance, Ohio; * * * Defendant's contempt; spousal support; attorney fees; allocation as to Guardian Ad Litem fees; as well as the allocation of parental rights and responsibilities, medical insurance coverage, tax exemptions and child support; which shall be considered by this Court for final determination.**

(*Id.*)[1]

{¶10} According to the record, a final hearing on the remaining issues was held on two dates, March 27, 2014, and July 29, 2014.[2] (Doc. No. 105). On October 28, 2014, a "Decision and Judgment Entry" was filed on the remaining issues. (*Id.*) Regarding the separate property issues that remained to be determined at the final hearing, the court held that David had proven by clear and convincing evidence that he contributed premarital funds in the amount of $15,449.27 to the marital residence for which he should be reimbursed. When making this finding, the trial court did not alter its previous order that David was entitled to one-half of the equity in the marital residence and in the Lake property

---

[1] There were multiple other issues that the entry indicated needed to be addressed by the trial court; however, as they are not the subject of this appeal we will not further address them.
[2] No transcript was provided of the final hearing.

in the amount of $23,500.00. Thus, the trial court ordered David to receive his premarital contribution of $15,449.27 *and* one-half of the parties' *total* equity of $47,000.00 in the amount of $23,500.00, for a total of $38,949.27 ($15,449.27 + $23,500.00).

{¶11} On November 10, 2014, Renee filed a "Motion for Reconsideration" stating that under the current orders Renee was ordered to pay David $23,500.00 for his one-half equity in the marital real estate *plus* David's pre-marital interest in the parties' real property of $15,449.27 for a total of $38,949.27. (Doc. No. 106). Renee argued that the trial court miscalculated the amount she had to pay to David. She contended that David's pre-marital amount of $15,449.27 should have been subtracted from the total equity, which was $47,000.00, to get a marital equity of $31,550,73. (*Id.*) Renee contends that the $31,550.73 should then be divided in half to $15,775.36, and then added to David separate premarital contribution, to get a figure of $31,224.63. (*Id.*)

{¶12} On December 15, 2014, David filed his own "Motion for Reconsideration." (Doc. No. 107). In the motion, David argued that there were errors in the child support guideline worksheet and that the child support he was ordered to pay should be recalculated. (*Id.*)

{¶13} On February 11, 2015, David filed a response to Renee's "Motion for Reconsideration." (Doc. No. 113). In the response, he argued that the court's original calculation was not an error. (*Id.*)

{¶14} On February 11, 2015, David also filed a "Motion for Clarification of Companionship Time," seeking to clarify summer companionship time with the parties' children, which he contended was not adequately covered in the final judgment. (Doc. No. 114). On that same date David also filed a "Motion for Interest" arguing that Renee should be ordered to pay him the statutory interest rate on the $38,949.27. (Doc. No. 115). In addition, David also filed a "Motion to Divide Capital Gains," contending that there was a capital gain of approximately $2,500 as a result of cashing a mutual fund, and that capital gain needed divided. (Doc. No. 116).

{¶15} On March 6, 2015, the trial court filed an entry granting David's "Motion for Reconsideration," which had argued that the child support worksheets were improperly calculated. (Doc. No. 117). The entry recalculated the child support as requested. (*Id.*)

{¶16} Also on March 6, 2015, the trial court filed another entry regarding the remaining motions filed by the parties, including Renee's "Motion for Reconsideration." (Doc. No. 117). The trial court found that it had erred in calculating the amount Renee owed to David as Renee argued and it vacated the

amount owed previously and ordered Renee instead to pay David $31,224.64. (Doc. No. 118). As to the remaining motions that had been filed by David, David's motion for interest was found well-taken, as was his motion to divide capital gains. (*Id.*)

{¶17} It is from this judgment that David appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED BY GRANTING PLAINTIFF-APPELLEE'S MOTION FOR RECONSIDERATION OF THE TRIAL COURT'S DECISION AND JUDGMENT ENTRY REGARDING THE DIVISION OF THE MARITAL EQUITY AND SEPARATE PROPERTY AWARD, BECAUSE THE ADJUSTMENT SOUGHT BY PLAINTIFF-APPELLEE IN HER MOTION FOR RECONSIDERATION WAS NOT A PROPER MOTION AND RELATED TO AN ALLEGED ERROR WHICH WAS SUBSTANTIVE, NOT CLERICAL IN NATURE AND NO APPEAL OF THE COURT'S ORIGINAL DECISION HAS BEEN FILED.**

{¶18} In David's assignment of error, he argues that Renee improperly filed a "Motion for Reconsideration" after the trial court issued a final appealable order and that the trial court should not have considered the motion as it was a "nullity." David further contends that even if the trial court could consider a "Motion for Reconsideration" in these circumstances, the motion related to a substantive change rather than a "clerical mistake" and it should not have been granted.

{¶19} "The Ohio Rules of Civil Procedure do not recognize motions for reconsideration after a final judgment in the trial court." *Ray v. Dickinson*, 7th

Dist. Belmont No. 03-BE-29, 2004-Ohio-3632, ¶ 14, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981) at paragraph one of the syllabus. In fact, a trial court is "without power to entertain" a "Motion to Reconsider" after a final judgment is entered. *Perez v. Angell*, 10th Dist. Franklin No. 07AP-37, 2007-Ohio-4519, ¶ 7. "A party may file a motion for reconsideration in a trial court only to obtain relief from an *interlocutory order or decision*." (Emphasis added.) *Ham v. Ham*, 3d Dist. Wyandot No. 16-07-04, 2008-Ohio-828, ¶ 15, citing *Frey v. Frey,* 3d Dist. Hancock No. 5-06-36, 2007-Ohio-2991, at ¶¶ 21-23; Civ.R. 54(B). The proper vehicle for relief from a *final judgment* is a motion to vacate under Civ.R. 60(B). *Perez* at ¶ 7, citing Civ.R. 60(B); *Pitts,* at 380.

{¶20} "A trial court [does have] the authority to construe an improperly captioned post-judgment motion [including a motion for reconsideration] as though it were a Civ.R. 60(B) motion for relief from judgment." *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 18 (citations omitted); *see also Perez v. Angell*, 10th Dist. Franklin No. 07AP-37, 2007-Ohio-4519, ¶ 6. In order to do so, this Court has held that the trial court "must give the responding party notice of its intention to do so and an opportunity to respond to the converted Civ.R. 60(B) motion before granting it." *Ham*, *supra*, at ¶ 16 citing *Consolidated Rail Corp., v. Forest Cartage Co.*, 68 Ohio App.3d 333, 341 (8th Dist.1990) (additional citation omitted). Nevertheless,

while a trial court does have the authority to construe a "motion for reconsideration" as a Civ.R. 60 motion, it does not have authority to rule on a "motion to reconsider" that is *not* a Civ.R. 60 motion. *Perez* at ¶ 7. Such a motion is, as David suggests in his argument to this Court, a "nullity." *Id*.

{¶21} In this case, Renee's "Motion for Reconsideration" argued that in the Partial Final Judgment Entry the parties agreed to an equal division of the real estate equity, but at that time no amount had yet been set aside for David's separate premarital contribution, which was determined in the final hearing and awarded in the final judgment entry. Renee's motion argued that David's premarital contribution should have been deducted from the total equity, and then the remaining equity should be divided in half.

{¶22} After the parties had filed multiple motions, the trial court filed a new final judgment on the matter, which read in pertinent part:

> **Regarding Plaintiff's Motion for Reconsideration, the Court finds that the Court erred in its calculation relating to the equalization of the marital real property and the separate property and that the proper equalization payment from Plaintiff to Defendant should have been $31,224.64 instead of $38,949.27 as previously ordered. It is therefore ORDERED that Plaintiff shall pay the sum of $31,224.64 to Defendant forthwith. The portion of the Court's order dated October 28, 2014 ordering the Plaintiff to pay $38,949.27 to the Defendant is hereby vacated.**

(Doc. No. 118).

{¶23} The trial court's entry thus agreed with Renee's argument that it had mistakenly awarded David one-half of the equity in the marital real property before subtracting David's separate property; however, the trial court did not indicate in its "new final judgment entry," or in any of the proceedings, that it had converted Renee's motion to a Civ.R. 60 motion. Thus while the trial court did have the authority to treat Renee's motion as a Civ.R. 60 motion, the trial court gave no indication that it actually did treat the motion as such.

{¶24} Moreover, the trial court's entry contained no analysis related to Civ.R. 60 from which we might conclude that it treated Renee's motion as a Civ.R. 60 motion. We can only assume then that the trial court treated the motion as it was styled, as a "Motion for Reconsideration." As previously stated, a "Motion for Reconsideration" is a nullity, and the trial court could not entertain it. Therefore, the actual final judgment entry in this case then remained the October 28, 2014, entry.

{¶25} We would note that "App.R. 4(A) expressly provides that a notice of appeal must be filed within 30 days of the filing of the entry of judgment appealed from." *Pitts,* 67 Ohio St.2d at 380. Additionally, "[t]he filing of a motion for reconsideration does not toll the time requirement" for filing an appeal. *Horak v. Horak*, 8th Dist. Cuyahoga No. 71930, 1997 WL 449976 (Aug. 7, 1997), citing *Zeff v. Rose Chevrolet, Inc.*, 62 Ohio App.3d 54 (12th Dist.1989). Finally, where

no timely notice of appeal has been filed, a court lacks jurisdiction to determine an appeal. *Horak,* citing *Stein v. Wyandotte Wine Cellars, Inc.*, 88 Ohio App.3d 477 (10th Dist.1993).

{¶26} Here, the trial court issued the only valid final judgment entry on October 28, 2014. Renee did not appeal the final judgment entry filed October 28, 2014, nor did her motion for reconsideration toll the time for appeal, making her appeal untimely under App.R. 4(A). *See Ham*, *supra*, 2008-Ohio-828, ¶¶ 17-20. Accordingly, this court is without jurisdiction to determine Renee's appeal.

{¶27} Accordingly, we reiterate that the trial court should vacate its March 6, 2015, judgment granting Renee's motion for reconsideration, and we dismiss this appeal for lack of jurisdiction.

*Appeal Dismissed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**