[Cite as *Kuhlman v. Findlay*, 2013-Ohio-645.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

JERRY KUHLMAN,

    PLAINTIFF-APPELLANT,          CASE NO.  5-12-21

    v.

CITY OF FINDLAY,                 O P I N I O N

    DEFENDANT-APPELLEE.


**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2011-CV-668**

**Judgment Affirmed**

**Date of Decision:   February 25, 2013**


APPEARANCES:

    *Michael D. Portnoy* **for Appellant**

    *Donald Rasmussen*  **for Appellee**

**WILLAMOWSKI, J**.

{**¶1**} Plaintiff-Appellant, Jerry Kuhlman ("Kuhlman"), appeals the judgment of the Hancock County Court of Common Pleas, denying his motion for a default judgment against Defendant-Appellee, the City of Findlay ("the City") on his claims for damages from flooding due to an allegedly faulty sewer system. On appeal, Kuhlman contends that the trial court erred when it denied his motion for a default judgment and granted the City's motion to dismiss on the basis of statute of limitations and sovereign immunity. For the reasons set forth below, the judgment is affirmed.

{**¶2**} Kuhlman purchased a home in a new subdivision, overlooking a pond, in Findlay in 2005. (Plaintiff's Complaint, Dec. 2, 2011) Throughout his ownership of this real estate, Kuhlman has had difficulties with water entering the basement and flooding his property, commencing five months after he moved in. Kuhlman claimed the incidents occurred in late 2005, December 2006, August 2007, December 2007, February 2008, and February 2009. (*Id.*) He stated that his home was the only one of approximately 50 properties in the subdivision that experienced flooding and that he has expended a considerable amount of money attempting different solutions to this problem, some of which were recommended by the City's engineer.

{¶3} Kuhlman alleges that he eventually learned that the cause of this flooding was due to a storm drain near his property and that the City was responsible for maintaining the upkeep of this storm drain. Kuhlman first filed a complaint against the city on October 4, 2010, as case number 2010-CV-746 (hereinafter, "the 2010 case"). The City answered and filed a motion for summary judgment.[1] Kuhlman requested leave to amend his complaint, but prior to any rulings by the trial court, on June 10, 2011, Kuhlman filed a Civ.R. 41(A)(1) notice of dismissal, without prejudice, in the 2010 case.

{¶4} Approximately six months later, on December 2, 2011, Kuhlman filed his complaint in this current case, case number 2011-CV-668 (hereinafter, "the 2011 case"). Kuhlman pled that "[a]s a direct and proximate result of the City of Findlay not using proper engineering expertise when they approved the layout of the site within [the] subdivision, [Kuhlman] has suffered over $50,000 in property damage as a direct and proximate result of [the City's] negligence" as well as a significant loss in the value of his home. (Plaintiff's Complaint, Dec. 2, 2011).

{¶5} In lieu of filing an answer, the City filed a Civ.R. 12(B)(6) motion to dismiss on December 8, 2011, claiming that the City was entitled to sovereign immunity on Kuhlman's claims and that the statute of limitations had run. The City asserted that the approval of the subdivision plans was a governmental

---

[1] The City also filed a third-party complaint against the builder. However, the City states in its brief that Kuhlman had "settled his differences with his builder and released him of all claims on May 22, 2008."

function, and therefore, the City was afforded complete immunity under R.C. 2744.02(A)(1), as well as additional immunities and defenses under R.C. 2744.03(A)(1),(2) and (3). Furthermore, *even if* immunity was not applicable, pursuant to R.C. 2744.04(A), a plaintiff is required to file a cause of action against a political subdivision within two years after a cause of action ensues, which would have been two years from the end of 2005, when Kuhlman first learned that he had a flooding problem. Therefore, the City claimed his complaint was untimely.

{¶6} On December 30, 2011, Kuhlman filed a reply to the City's motion to dismiss, claiming that paragraphs 12 and 13 of his 2011 complaint alleged that "soon after the last flooding in February 2009," he learned that the City "was negligent in *maintaining the upkeep* of the storm drain." (Emphasis added.) Kuhlman asserted that maintaining a storm drain was a proprietary function that was not entitled to immunity pursuant to R.C. 2744.01(G)(2)(d). And, he claimed that the statute of limitations should not preclude his cause of action until two years from February 2009, the date when Kuhlman claimed he first realized that it was the City that "was negligent for the flooding problems."

{¶7} A pretrial conference on numerous issues was scheduled for March 2, 2012. At that conference, the trial court served counsel with its decision and

judgment entry granting in part and denying in part the City's motion to dismiss.[2] The trial court noted that as long as there was a set of facts which would allow recovery, a court may not grant a motion to dismiss. Assuming that the allegations in the complaint were true, as required when ruling on Civ.R.12(B)(6) motion, the trial court held that Kuhlman specifically pled that the City "failed to *maintain* the storm drain at issue," and that this maintenance could constitute a "proprietary" function which could be an exception to the City's sovereign immunity. (Mar. 2, 2012 J.E.) Therefore, the trial court found that it could not grant the City's motion to dismiss because there was a potential set of facts which could possibly constitute a cause of action for Kuhlman.

{¶8} As to the statute of limitations defense, the trial court held that the repeated flooding incidents could be construed as being a "continuous tort," and therefore, the statute of limitations would begin anew with each separate allegation of negligence and injury. The last instance of flooding, February of 2009, was more than two years from the date of the filing of the current 2011 case. However, because of the "savings statute," when a cause of action is dismissed pursuant to Civ.R. 41(A), a party may refile the action within one year and it will be considered timely, as long as the previous cause of action was filed within the statute of limitations. (J.E., citing to R.C. 2305.19(A)). Therefore, the trial court

---

[2] The trial court also noted that the City had filed a notice of substitution of counsel on January 3, 2012.

held that only the flooding damages that occurred prior to October 4, 2008 (more than two years before Kuhlman's original filing in the 2010 case) would be time-barred, allowing Kuhlman to proceed with his claim of damages from the February 2009 flooding.

{¶9} After the pretrial hearing, the trial court filed a "pretrial minutes and order" on March 8, 2012, discussing what had occurred at the hearing, and setting forth the resulting orders. A dispositional time-table setting forth dates and deadlines for discovery, motions for summary judgment, disclosure of witnesses, trial briefs, etc. was set forth, with a jury trial scheduled for October 15th. The trial court also stated that counsel for the City was granted leave of court to file a motion to reconsider the city's motion to dismiss as to the court's decision on the issues of immunity and/or statute of limitations. Counsel were given leave to amend pleadings or challenge pleadings, with all such motions to be filed before March 30, 2012, and any responses to be filed by April 13, 2012.

{¶10} On March 29, 2012, the City filed its motion to reconsider its motion to dismiss. In this motion, the City pointed out that Kuhlman's complaint in the 2011 case was not "substantially the same" as in the 2010 case, but that he had raised a "new and substantially different" cause of action in that Kuhlman had changed the substance of paragraph 12 from an issue concerning the approval of the subdivision to an allegation of negligent maintenance. The City argued that

this changed the cause of action from one that was a governmental function, to one that could possibly be construed as proprietary. Therefore, because the new complaint was not substantially the same as in the previous 2010 case, the City asserted that the savings statute was not applicable and that the new issues were barred by the statute of limitations.

{¶11} On April 24, 2012, Kuhlman filed (1) a motion requesting a one-week extension of time to reply to the City's motion for reconsideration of its motion to dismiss, and (2) a motion for default judgment against the City. The basis for Kuhlman's motion for default judgment was that the trial court's denial of the statute of limitations defense in the City's original motion to dismiss was a final appealable order and is res judicata in this case. Therefore, because the City did not appeal the trial court's denial of its motion to dismiss and it had never filed an answer, Kuhlman claimed he was entitled to a default judgment.

{¶12} Following, in an April 25th filing captioned "Plaintiff's reply to defendant City of Findlay's March 29, 2012 motion to dismiss," Kuhlman asserted that the trial court's denial of the City's motion to dismiss was res judicata to any subsequent motions to dismiss filed by the City. Therefore, Kuhlman requested that the trial court rule on his motion for default judgment before he responds to the city's most recent motion to dismiss.

{¶13} On June 13, 2012, the trial court filed its final decision and judgment entry. First, the trial court declined Kuhlman's "invitation to rule" on his motion for default judgment before allowing him additional time to reply to the City's motion for reconsideration. The trial court cited to its March 8th decision and scheduling order, specifically pointing out that it had granted leave to the City to file a motion for reconsideration, and that all of Kuhlman's subsequent motions were outside of the time limits set forth in the order. The trial court then proceeded to decide the remaining outstanding motions before it.

{¶14} The trial court ruled on Kuhlman's motion for a default judgment, finding that the City's answer was not late because the trial court had set a different dispositional timetable, pursuant to Civ.R. 12(A)(2). Therefore, the City was not in default, and Kuhlman's motion for default judgment was denied.

{¶15} The trial court then discussed its authority to entertain a motion for reconsideration. The trial court held that it had the authority to entertain a motion for reconsideration because the denial of the City's motion for dismissal was not a final judgment. Therefore, it was within the trial court's discretion to reconsider its previous non-final decision.

{¶16} And finally, after reviewing the City's motion for reconsideration, it agreed that the savings statute was not applicable in this case because the causes of action alleged in the 2010 case and the 2011 case were not "substantially the

same." In the 2010 case, Kuhlman's "sole allegation was that [the City] 'was negligent in not using any engineering expertise when they approved the layout of the site in [Kuhlman's] subdivision.'" (J.E., p. 5, citing to ¶12 in the complaint from the 2010 case.) Whereas, in the current case, the trial court found that Kuhlman's complaint "*adds the allegation* that [the City] 'was negligent in maintaining the upkeep of the storm drain at the site in [Kuhlman's] subdivision.'" (Emphasis added.) (*Id.*, citing to ¶ 12 in the complaint in the 2011 case.) Because Kuhlman's original complaint did not plead facts sufficient to support a claim of negligent "upkeep," the claim of negligent upkeep "does *not* fall under the savings statute." (Emphasis sic.) (*Id.* at p. 6.) Therefore, the trial court found that all of Kuhlman's claims for negligent upkeep fell outside of the statute of limitations and were time-barred.

{¶17} The trial court held that the only remaining potential claim of negligent design and installation of the storm drain was a governmental function that was immune from liability. Therefore, the court found that Kuhlman's complaint did not contain any viable claims, and granted the City's motion to dismiss.

{¶18} It is from this judgment that Kuhlman now appeals, raising the following three assignments of error for our review.

**First Assignment of Error**

**The trial court erred to [Kuhlman's] prejudice when holding that its March 2, 2012 Judgment denying [the City's] December 8, 2011 Motion to Dismiss was not a final appealable order and not awarding a default judgment against [the City].**

**Second Assignment of Error**

**The trial court erred to [Kuhlman's] prejudice when concluding [Kuhlman's] original complaint did not allege that [the City] was negligent in maintaining the upkeep of the sewer system that caused [Kuhlman's] damages.**

**Third Assignment of Error**

**The trial court erred to [Kuhlman's] prejudice by concluding [Kuhlman] cannot pursue any claims against [the City] more than two (2) years before the original filing of the Case on October 4, 2010 and [only] claims having occurred on or after October 4, 2008 shall remain.**

{¶19} In his first assignment of error, Kuhlman contends that the trial court's denial of the City's motion to dismiss was a final, appealable order because R.C. 2744.02(C) states that an order "that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter * * * is a final order." Therefore, Kuhlman reasons that the City should have been required, at that point, to either appeal the denial of its Civ.R. 12(B)(6) motion, or to file an answer in the case. Since the City did neither, Kuhlman claims that he was entitled to a default judgment and the trial court erred when it denied his motion.

**{¶20}** Generally, the denial of a motion to dismiss is not a final order. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, ¶ 8. A motion to dismiss is a procedural mechanism that tests the sufficiency of the allegations in the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73. When considering a Civ.R. 12(B)(6) motion, "a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory." *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295.

**{¶21}** Although the City may have been able to appeal this decision pursuant to R.C. 2744.02(C), which affords political subdivisions the right to appeal a trial court's denial of immunity, the City did not choose to appeal the court's order at that time. *See Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 27; *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 3d Dist. No. 15–08–11, 2009-Ohio-5082, ¶ 12; *compare Titanium Metals Corp.*, *supra.* Pursuant to App.R. 4(B)(5), when an appeal is permitted from a judgment or order in which the trial court has not disposed of all the claims, as long as it does not involve a judgment entered under Civ.R. 54(B) (wherein the court has determined that "there is no just reason for delay"), the party "*may* file a notice of appeal within thirty days of entry of the judgment or

order appealed *or the judgment or order that disposes of the remaining claims*." (Emphasis added.)

**{¶22}** In this case, the trial court's March 2nd decision on the motion to dismiss did not settle all of the issues; it did not terminate the action; and, it did not contain Civ.R. 54(B) language stating that there was no just cause for delay. Therefore, the case continued on the remaining issues. The trial court proceeded with the litigation and set a dispositional schedule, made plans for future pre-trials, and set a trial date. The trial court still had jurisdiction over this case, and therefore, it was still within the trial court's discretion to entertain a motion for reconsideration and to set the dates and deadlines for pleadings and other motions. *See, e.g.*, *Vanest v. Pillsbury Co.* 124 Ohio App.3d 525, 535 (4th Dist.1997); *Findlay Ford Lincoln-Mercury v. Huffman*, 3d Dist. No. 5-02-67, 2004-Ohio-541, ¶ 31. *See, also*, Civ.R. 54(B) ("In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action * * * *and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims* and right and liabilities of all the parties." (Emphasis added.))

**{¶23}** We find that the trial court did not err when it agreed to reconsider the City's motion to dismiss and when it denied Kuhlman's motion for default judgment. The first assignment of error is overruled.

**{¶24}** The second assignment of error claims that the trial court was wrong when it concluded that Kuhlman's original complaint in the 2010 case did not allege that the City was negligent in maintaining the upkeep of the sewer system, and that this cause of action was newly added to the complaint in the 2011 case. As a result, without a "negligent upkeep" claim, Kuhlman's claims were barred.

**{¶25}** However, Kuhlman does not point to any evidence in the record in support of his claim that his original 2010 complaint contained a cause of action for negligent maintenance. He instead asserts that the City's December 8, 2011 motion to dismiss "admitted that both complaints were practically identical * * *." (Appellant's Br., p. 11.) The fact that the City's motion may have indicated that both of Kuhlman's motions were "similar"[3] does not constitute evidence and does not prove that the two complaints were "substantially similar" to the point of being able to utilize the savings statute. As the City more clearly pointed out in its later March 29, 2012 motion to reconsider its motion to dismiss, although Kuhlman had changed only "a few words," in the second complaint (most notably in paragraph 12), those changes completely modified the meaning and cause of action of the second complaint in order to circumvent the City's statute of limitations protections afforded by R.C. 2744.04.

---

[3] The City's Dec. 8, 2011 motion to dismiss stated that Kuhlman had "previously filed a similar complaint against [the City] on October 4, 2010. This second complaint, other than changing a few words in paragraphs 12 and 13, and adding an additional paragraphs, reads identical to the original complaint filed and referenced above."

{¶26} Even though a Civ.R. 41(A)(1) dismissal is without prejudice, and therefore no bar to the plaintiff's commencement of another action *for the same claim*, a subsequent action may be barred by the running of the statute of limitations on the claim, unless the plaintiff can take advantage of the "savings statute," which provides for the recommencement of an action within the period of one year. R.C. 2305.19, referred to as the "savings statute," states, in relevant part:

> In any action that is commenced or attempted to be commenced, * *
> * if the plaintiff fails otherwise than upon the merits, the plaintiff * *
> * may commence a new action within one year after the date of * * *
> the plaintiff's failure otherwise than upon the merits or within the
> period of the original applicable statute of limitations, whichever
> occurs later. This division applies to any claim asserted in any
> pleading by a defendant.

For R.C. 2305.19 to apply, the parties and relief in the new action must be substantially similar to those in the original action. *Children's Hospital v. Dept. of Public Welfare*, 69 Ohio St.2d 523, 525 (1982), paragraph one of the syllabus. Complaints are substantially the same if the allegations in the first action give the defendants fair notice of the type of claims asserted in the second action. *Stone v. N. Star Steel Co.*, 152 Ohio App.3d 29, 2003-Ohio-1223, ¶ 15 (7th Dist.)

{¶27} As the trial court determined in its June 13, 2012 final decision and judgment entry, the differences in Kuhlman's 2010 and 2011 complaints changed the entire theory of the case from "negligent design" to "negligent maintenance or

upkeep." This small variance in the facts changed the whole dynamics of the case, as it changed the City's role from being a "governmental function" to a "proprietary function." In the first instance, the City would have complete immunity, regardless of negligent conduct, whereas in the latter, the City would not enjoy immunity (*if* found to be negligent). Kuhlman was not entitled to the benefit of the savings statute because he had not asserted a claim for negligent maintenance in his original 2010 case.

{¶28} After a de novo review of the record, we find no error in trial court's conclusion that Kuhlman's two complaints were not substantially similar and that R.C. 2305.19 was not applicable. Accordingly, the second assignment of error is overruled.

{¶29} In Kuhlman's final assignment of error, he contests the trial court's *March 2, 2012 decision* finding that only damages for flooding occurring after March 4, 2008 were within the statute of limitations and could be pursued. However, this judgment was entered before the trial court granted the City's motion for reconsideration. After reconsideration, the trial court issued a *new* decision and judgment entry on June 13, 2012, replacing and superseding the previous judgment entry that is the subject of this assignment of error. In this final judgment, from which this appeal is taken, the trial court found that *all* of

Kuhlman's claims were time-barred pursuant to R.C. 2744.04. Therefore, this assignment of error is moot and overruled.

**{¶30}** Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**
**/jlr**