[Cite as *Ritchie v. Mahoning Cty.*, 2017-Ohio-1213.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBIN D. RITCHIE, et al. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0167 |
| VS. | ) | |
| | ) | OPINION |
| MAHONING COUNTY, et al. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
                                Pleas of Mahoning County, Ohio
                                Case No. 14 CV 1524

JUDGMENT:                       Appeal Dismissed.

APPEARANCES:
For Plaintiff-Appellee          Attorney Kimberly Young
                                Attorney Matthew Carty
                                6105 Parkland Boulevard, Suite 200
                                Mayfield Heights, Ohio 44124

For Defendant-Appellant         Attorney Paul Gains
                                Mahoning County Prosecutor
                                Attorney Gina Bricker
                                Assistant Prosecutor
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                Dated: March 29, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Mahoning County appeals the trial court's judgment finding that it did not have jurisdiction to consider the County's motion for summary judgment asserting sovereign immunity precluded a suit against the County filed by Plaintiffs-Appellees, Robin and Rocky Ritchie. The trial court had previously issued a judgment entry overruling a motion to dismiss on the issue of sovereign immunity, which the County did not appeal.

{¶2} The County's summary judgment motion stricken by the trial court was actually a motion for reconsideration, which is a nullity in Ohio. Accordingly, we dismiss this appeal for lack of jurisdiction.

## Facts and Procedural History

{¶3} The Ritchies filed a complaint against the County and Mahoning County Dog Pound employees alleging negligence and reckless conduct for injuries Robin sustained when she was attacked by a pit bull at the County Pound when she was on the premises to adopt a dog.

{¶4} The County filed a motion to dismiss asserting the County and its employees were engaged in a governmental function and immune from suit pursuant to R.C. 2744.02. The trial court overruled the motion to dismiss in a one-sentence judgment entry. No appeal was taken.

{¶5} More than seven months later, the County filed a motion, captioned "motion for summary judgment" which, like the motion to dismiss, relied exclusively on the allegations in the complaint. The County once again argued that it was engaged in a governmental function. The only distinction in the summary judgment motion, apart from the citation to the Civ. R. 56(B) standard of review, was the County's reliance on a Fifth District case which was decided less than one month after the trial court overruled the County's motion to dismiss.

{¶6} In the trial court's judgment entry striking the County's summary judgment motion, it recognized that its judgment entry overruling the motion to dismiss was a final appealable order, pursuant to *Hubbell v. City of Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839. "When a trial court denies a motion in which a political

subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell,* syllabus. Because the County did not appeal the judgment entry overruling the motion to dismiss, the trial court reasoned that it did not have jurisdiction to reconsider the same arguments and struck the summary judgment motion from the record.

## Appellate Jurisdiction

{¶7} For clarity of analysis, we will consider both of the County's assignments of error together, which assert:

> Whether the filing of an interlocutory appeal is under R.C. §2744.02(C) is permissive.

> Whether the defense of sovereign immunity is waived by a political subdivision if an interlocutory appeal under R.C. §2744.02(C) is not taken after a trial court's denial of a motion to dismiss.

{¶8} Aside from its original jurisdiction, an appellate court's jurisdiction is limited to the review of final orders. *Hubbell* at ¶ 9, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Where the parties do not raise the jurisdictional issue it must be raised sua sponte by the court. *Chef Italiano Corp v. Kent State Univ.*, 44 Ohio St.38 86, 541 N.E.2d 64 (1989). Of equal import, a notice of an appeal must be filed within 30 days of the final order from which the appeal is taken. App.R. 3(A) and 4(A). This time limit is jurisdictional and may not be enlarged. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); App.R. 14(B). Where a notice of appeal is not filed within the prescribed time an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. *Id.*; *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107, 50 N.E.2d 995 (1943), paragraph seven of the syllabus.

{¶9} The County first offers an explanation for its decision to forego an

appeal of the trial court's judgment denying its motion to dismiss. The County next argues that because its summary judgment motion was based upon sovereign immunity and the judgment entry striking the motion rejected that affirmative defense, the judgment entry was a final appealable order.

{¶10} The County's arguments fail to recognize two important distinctions between the motion to dismiss and the summary judgment motion, one substantive and the other procedural. Substantively, the motion to dismiss raised legal arguments for the first time which the trial court rejected in a final appealable order. Procedurally, the County's failure to appeal that judgment entry only foreclosed the County from reasserting the same legal arguments without supporting evidence outside of the pleadings. The summary judgment motion raised the same legal arguments for a second time, without any evidentiary support; for that reason the trial court struck rather than overruled the motion.

{¶11} The County's correct course would have been to file a summary judgement motion asserting sovereign immunity based upon either: new legal theories; or, the same legal theories with the necessary support of evidence from outside the pleadings as contemplated by Civ.R. 56. The same options would have been available had the County appealed the judgment denying its motion to dismiss and the case then returned to the trial court.

{¶12} Although the County correctly states the different standards employed to resolve motions to dismiss and summary judgment motions, this elevates form over substance. Because the summary judgment motion sought reconsideration of the same legal issues raised in the motion to dismiss, without the benefit of facts, the County's summary judgment motion was in reality a motion for reconsideration.

{¶13} The Third District's opinion in *Kuhlman v. City of Findlay*, 3rd Dist. No. 5-12-21, 2013-Ohio-645 is instructive. At first blush, *Kuhlman* appears to bolster the County's argument; however, that opinion supports our conclusion here.

{¶14} Kuhlman filed an action against the city for negligent design of a storm drain that allegedly caused the repeated flooding of his basement. Kuhlman

voluntarily dismissed his complaint, but filed a restyled complaint roughly six months later, alleging negligent maintenance of the storm drain. The city filed a motion to dismiss predicated upon sovereign immunity and the statute of limitations. The trial court denied the city's motion in part, reasoning that maintenance of the storm drain could be a proprietary function, which required consideration of factual issues and not just legal issues, and that some of the flooding incidents fell within the statute of limitations due to the application of the savings statute.

{¶15} However, on the same day that judgment was entered, the trial court granted the city's request to file a motion for reconsideration. In the motion for reconsideration, the city sought dismissal of the complaint because the restyled complaint was not "substantially the same" as the original complaint. *Kuhlman* at ¶10. The city argued that Kuhlman has advanced a different cause of action, negligent maintenance rather than negligent design, thereby prohibiting the application of the savings statute. The trial court agreed that Kulhman had advanced a different cause of action and could not invoke the savings statute, and that the complaint in its entirety was barred by the statute of limitations.

{¶16} On appeal, Kuhlman argued that the trial court's partial denial of the city's motion to dismiss was a final appealable order, as it was based in part on sovereign immunity, and that the trial court had no authority to revisit its decision. Because the city did not appeal the judgment on the motion to dismiss, the judgment did not contain Civ. R. 54(B) language, and the ruling on the motion to dismiss did not terminate the action, the Third District held that "it was still within the trial court's discretion to entertain a motion for reconsideration." *Id.* ¶22.

{¶17} *Kuhlman* is distinguishable in two important respects. First, the motion for reconsideration in *Kuhlman* did not revisit the issue of sovereign immunity, but was predicated solely on the statute of limitations. Second, the motion for reconsideration sought dismissal under a new legal theory that had not been advanced in the motion to dismiss.

{¶18} Here, the County's motion for summary judgment, which was based

solely upon sovereign immunity, did not advance a new theory of law or provide any evidentiary support for the original legal theory advanced in the motion to dismiss. Accordingly, we must treat it as a motion for reconsideration.

**{¶19}** It is well-established that a motion for reconsideration of a final judgment is "simply a legal fiction created by counsel, which has transcended into a confusing, clumsy and 'informal local practice.' " *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105, 381 (1981). "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts*, syllabus. In addition, the *Pitts* Court denounced motions for reconsideration based upon practical considerations, including judicial economy and "complications concerning the timeliness of appeal and whether the Court of Appeals is vested with jurisdiction when a motion for reconsideration is filed after a final judgment." *Id.* at 381. The *Pitts* Court concluded that motions for reconsideration "will not lie and all judgments or final orders from said motion are a nullity." *Id.*

**{¶20}** A growing number of our sister districts have held that the holding in *Pitts* strips the appellate court of the power to hear appeals of judgment entries on motions for reconsideration.

**{¶21}** For instance, in *Mandusky v. Woodridge Local School Dist.,* 9th Dist. No. 24787, 2009-Ohio-6943, the political subdivision filed a 'renewed' motion for summary judgment based upon sovereign immunity. The Ninth District concluded that the motion constituted a motion for reconsideration, because the political subdivision was "essentially reasserting its prior argument that it was immune due to the absence of a factual dispute, an argument the trial court already rejected in its September 2, 2008 final, appealable order." *Id.* at ¶ 10. The *Mandusky* panel further concluded that not only was the motion a nullity, the trial court's judgment entry addressing the merits of that motion was as well, divesting it of jurisdiction to consider the appeal. *Id.*; *Primmer v. Lipp*, 5th Dist. No. 02CA94, 2003-Ohio-3577, ¶ 7; *Wank v. Wank*, 3d Dist. No. 11-15-03 2015-Ohio-3094; *State v. Ohio Atty. Gen. Office*, 4th Dist. No. 15CA3478, 2015-Ohio-1442, ¶ 5.

{¶22} In *Wodtke v. Swanton*, 6th Dist. No. F-14-001, 2014-Ohio-1456, ¶ 7, appeal not allowed, 141 Ohio St.3d 1490, 2015-Ohio-842, 26 N.E.3d 824, the Sixth District opined that the trial court's judgment entry granting the motion for reconsideration in that case was a nullity, but predicated its lack of jurisdiction upon the untimeliness of the appeal.

> [W]e find that the trial court's order [on the motion for reconsideration] is a nullity. The final order which should have been appealed was entered on the court's journal on August 20, 2013. Swanton's notice of appeal was filed on February 4, 2014, well past the 30 day time limit in App.R. 4. The time for filing a notice of appeal is jurisdictional. See App.R. 14(B). This appeal is ordered dismissed at appellant's costs pursuant to App.R. 24.

Id. at ¶ 7.

{¶23} In *Fiore v. Larger*, 2nd Dist. Nos. 05-CV-6054, 07-CV-8371, 2009-Ohio-4408, the Second District went one step further finding that the trial court was divested of subject-matter jurisdiction upon the filing of its final judgment entry, and, therefore, the denial of the motion for reconsideration was a nullity. *Id.* at ¶ 36; see also *Perez v. Angell*, 10th Dist. Franklin No. 07AP-37, 2007-Ohio-4519, ¶ 7 ("In fact, a trial court is "without power to entertain" a 'Motion to Reconsider' after a final judgment is entered.")

{¶24} Having considered the foregoing opinions, we join the growing number of Ohio appellate districts that hold that an appeal from a judgment entry on a motion for reconsideration is a nullity, and dismiss this appeal for lack of jurisdiction.

{¶25} Finally, a trial court may construe a motion for reconsideration as a motion for relief from judgment under Civ.R. 60(B), but is not required to do so. However, Civ.R. 60(B) may not be used as a substitute for appeal. *In re Dankworth Trust*, 7th Dist. No. 14 BE 9, 2014-Ohio-5825, ¶28, citing *Doe v. Trumbull County Children Services Bd.,* 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986). The panel in

*Dankworth Trust* reasoned that Civ.R. 60(B) involves matters outside the record which justify relief from judgment, which cannot be raised on direct appeal because they are outside the record. *Id.* at ¶ 28, citing *Campbell v. Elsass*, 10th Dist. No. 89AP–761, 1989 WL 129441 (Oct. 31, 1989). "As such, issues which could have been or were raised in a direct appeal ordinarily are not proper issues to be raised in a motion for relief from judgment; the proper vehicle for correction of claimed errors that could have been supported by transcripts and evidence in the record is through a direct appeal, not a Civ.R. 60(B) motion." *Id.* at ¶ 28, citing *Perez v. Angell*, 10th Dist. No. 07AP–37, 2007-Ohio-4519, ¶ 9. Consequently, the trial court did not err in failing to consider the County's summary judgment motion under Civ. R. 60(B).

**{¶26}** In sum, the County's summary judgment motion relied solely upon the pleadings and asserted the same legal arguments advanced in the motion to dismiss; thus, it was a motion for reconsideration and a nullity. Accordingly, the trial court properly struck the motion. Further, as this is an appeal from a judgment entry on a motion for reconsideration which is a nullity, we dismiss this appeal for lack of jurisdiction.

Donofrio, J., concurs.

Waite, J., concurs.