[Cite as *Davidenko v. King's Landscape & Bobcat Work, L.L.C.*, 2024-Ohio-5577.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NATALIA DAVIDENKO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 2024CA00006 |
| | : | |
| KING'S LANDSCAPE & BOBCAT WORK, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2023 CV
1232


JUDGMENT:     AFFIRMED


DATE OF JUDGMENT ENTRY:     November 26, 2024


APPEARANCES:

For Plaintiff-Appellant:

ROBERT E. SOLES, JR.
KARA DODSON

Washington Square Office Park
6545 Market Ave. North
North Canton, OH 44721

For Defendants-Appellees:

VICTORIA D. BARTO, ESQ.
LIBERTY MUTUAL GROUP FIELD
LEGAL OFFICES
P.O. Box 68636
Scranton, PA 18505-6836

*Delaney, P.J.*

{¶1} Plaintiff-appellant Natalia Davidenko appeals from the December 13, 2023 "Judgment Entry Granting Defendants' Motion for Relief from Judgment and Leave to File Answer Instanter" of the Stark County Court of Common Pleas. Defendants-appellees are King's Landscape & Bobcat Work, LLC and Ryan DeVault.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on November 3, 2022, when DeVault was operating a dump truck owned by his employer, King's, and lost control of the vehicle, causing considerable damage to appellant's property.

{¶3} Appellant filed a claim with King's insurance company, Liberty Mutual, and received payment in the amount of $45,861.03. This amount did not fully compensate appellant's damages and she filed suit against appellees on July 13, 2023. Service was completed against both appellees by certified mail: service on DeVault was perfected on July 21, 2023 and service on King's was perfected on July 27, 2023.

{¶4} Neither appellee answered.

{¶5} Appellant moved for default judgment on August 25, 2023, and the motion was granted on August 30, 2023. A damages hearing was scheduled for October 13, 2023, and the trial court found appellant was entitled to damages in the amount of $179,394.76 plus interest via Judgment Entry dated October 17, 2023.

{¶6} On November 22, 2023, appellees filed motions for relief from default judgment, for relief from judgment ordering an asset exam, and for leave to file an answer instanter. Appellant responded in opposition on December 6, 2023, and appellees replied on December 11, 2023.

*Appellees' explanation for failure to answer*

{¶7} Appellees' motion for relief from default judgment included an affidavit of Laura Lee, an office employee of King's, offering an explanation why appellees failed to timely answer appellant's complaint.

{¶8} King's was to be served at two different addresses: 1) a physical address on Fohl Street, and 2) via a statutory agent. Service at the Fohl address failed entirely; Lee stated King's has not used the Fohl address in over four years.

{¶9} Service at the statutory agent was perfected on July 27, 2023, but King's remained unaware of the lawsuit. Lee stated she works in the office part-time, paying bills and monitoring the company email. King's "owner/member," David King, is out of the office doing landscape work, driving, and maintaining commercial vehicles. Lee never received or viewed any notice of the lawsuit from the statutory agent.

{¶10} Upon receipt of the default judgment, King's retained counsel and launched an investigation. Only then did Lee discover a single email from the statutory agent notifying King's of the receipt of legal documents and containing a link to those documents in a document repository. The statutory agent's email went into King's "junk" email and was overlooked by the company.

{¶11} DeVault, in the meantime, no longer worked for King's and had not worked there since shortly after the November 3, 2022 accident. It was DeVault, though, who notified David King of the existence of the lawsuit on or around November 1, 2023, because he continued to receive documents about the lawsuit and now questioned whether King's was aware of it.

{¶12} Upon learning of the suit from DeVault, David King delivered the lawsuit documents to Lee and the company's agent at Busha-Okeson Insurance Agency, who retained counsel on appellees' behalf.

{¶13} Counsel then investigated the default judgment and filed the ensuing motions for relief.

{¶14} On December 13, 2023, the trial court granted appellees' motions for relief from judgment and leave to file their answer instanter.  Appellees answered on December 21, 2023.

{¶15} Appellant now appeals from the trial court's Judgment Entry of December 13, 2023, granting appellees' motion for relief from default judgment.

{¶16} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE RYAN DEVAULT'S MOTION TO VACATE WHEN DEVAULT FAILED TO PRESENT ANY EVIDENCE TO DEMONSTRATE EITHER A MERITORIOUS DEFENSE OR EXCUSABLE NEGLECT IN THAT HE HAD ACTUAL NOTICE OF APPELLANT'S COMPLAINT AND TOOK ABSOLUTELY NO ACTION IN RESPONSE THERETO."

{¶18} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE KING'S LANDSCAPE & BOBCAT WORK, LLC'S MOTION TO VACATE WHEN THE COMPANY FAILED TO PRESENT ANY EVIDENCE TO DEMONSTRATE THAT IT HAD A MERITORIOUS DEFENSE TO APPELLANT'S CLAIMS AND FAILED TO DEMONSTRATE EXCUSABLE NEGLECT IN THAT IT HAD NO ESTABLISHED PROCEDURE FOR HANDLING SERVICE OF PROCESS."

**ANALYSIS**

I., II.

{¶19} Appellant's two assignments of error are related and will be considered together. She argues the trial court erred in granting appellees' motion for relief from judgment. We disagree.

{¶20} When the defendant to an action fails to plead or otherwise defend an action, default judgment may be granted pursuant to Civ.R. 55(A). *Zimmerman ex rel. Hahn v. Hamilton*, 2004-Ohio-1461, ¶ 13 (5th Dist.), citing *Davis v. Immediate Medical Services, Inc.*, 80 Ohio St.3d 10, 14 (1997). A defendant may seek relief from default judgment pursuant to Civ.R. 60(B). The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146 (1976) at paragraph two of the syllabus:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶21} Civ.R. 60(B) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . . .

{¶22} The decision whether to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion. *Zimmerman,* supra, at ¶ 15, citing *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978). An abuse of discretion is more than simply an error of law, but rather implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶23} The Ohio Supreme Court has advised, though cautiously, that where a defendant presents a meritorious defense in a timely manner, any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits. *WFMJ Television, Inc. v. AT & T*

*Federal Systems CSC,* 2002–Ohio–3013, at ¶ 21 (7th Dist.), citing *GTE,* 47 Ohio St.2d at 151.

{¶24} The instant case arose from appellee DeVault's alleged negligent operation of a motor vehicle in the course and scope of his employment with appellee King's. Appellees assert they would defend the suit on the basis of proximate causation of appellant's property damage and the nature and extent of the alleged damages. Appellees allege the amount of damages claimed by appellant is excessive and would seek discovery on the condition of the property prior to the accident.

{¶25} Both appellees asserted they were entitled to relief under Civ.R. 60(B)(1), which provides that the court may grant relief to a party based on mistake, inadvertence, surprise or excusable neglect, although each appellee failed to respond to the complaint for a different reason. The Ohio Supreme Court has yet to develop a definitive definition of excusable neglect. However, it has described it in the negative stating, "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153. In addition, "[w]hile unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." *National City Bank v. Kessler,* 2003–Ohio–6938, ¶ 14 (10th Dist.). The analysis of excusable neglect turns on the facts and circumstances presented in each case. *Sandifer v. Yoder*, 2015-Ohio-4270, ¶ 20 (5th Dist.), citing *Cannell v. Bates,* 2001 WL 224532 (10th Dist.).

{¶26} Regarding appellee King's, it is the general principle that relief from default judgment may be granted on excusable neglect when service is properly made on a

corporation, but a corporate employee fails to forward the summons and complaint to the appropriate person. *Sycamore Messenger, Inc. v. Barons, Inc.*, 31 Ohio App.3d 196 (1st Dist. 1986). The affidavit to support such relief and in proof of excusable neglect is sufficient when it establishes the following: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant. *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578 (4th Dist. 1992).

{¶27} The trial court found Lee's affidavit credible. It is well-settled that it is for the trier of fact to judge the credibility of the witnesses and not for us, as a reviewing court, to second guess that judgment. *Dewire v. Quality Stores, Inc.*, 1991 WL 100521, *2 (5th Dist.). Accordingly, if there is some competent and credible evidence in the record to support the trial court's judgment granting defendant's motion for relief from judgment, we must affirm. *Id.* Resolution of factual disputes is properly left to the sound discretion of the trial court. *Bd. of Stark Cnty. Commrs. v. Janson*, 1988 WL 142292, *1 (5th Dist.). In the absence of evidence which reveals a "complete disregard for the judicial system" and the rights of their adversary, appellees' 60(B) motion was properly determined by the court. *Bd. of Stark Cnty. Commrs. v. Janson*, 1988 WL 142292, *1 (5th Dist.), citing *GTE v. ARC*, at 153; see also, *Wiseman v. Fat Boys Custom Auto & Restoration, Inc.*, 2002-Ohio-5954, ¶ 14 (5th Dist.) [evidence presented in a default judgment hearing, must support the damages awarded and trial court did not abuse its broad discretion in granting relief from judgment under these facts and circumstances]; *MCF Mach. Co. v. Weststar Industries, Inc.*, 1993 WL 308452, *2 (5th Dist.), internal citations omitted [determination

as to "excusable neglect" will not be disturbed absent a showing of an abuse of discretion and generally the concept of excusable neglect must be liberally construed].

{¶28} Upon our review of Lee's affidavit, appellees established "the general overall process or the usual procedure steps in order to satisfy the court that the failure to respond was not in ' * * * consequence of the parties' own carelessness, inattention, or wilful disregard of the process of the court * * *.'" *MCF Mach. Co. v. Weststar Industries, Inc.*, 1993 WL 308452, *2 (5th Dist.), citing *Federal National Mortgage Assn. v. Banks* 1991 WL 254652 (2d Dist.; see also, *Stein v. Wyatt*, 2003-Ohio-2569, ¶ 10 (5th Dist.) [no abuse of discretion where appellees submitted an affidavit claiming meritorious defense, evidence they failed to file a timely answer to appellants' complaint because of a medical emergency, and as soon as they were made aware of the trial court's judgment entered against them, they filed their motion to vacate].

{¶29} In the instant case, service of the complaint was not made at King's physical address. King's did have a statutory agent, but the agent's email went into the company's "junk" mail. It is evident from the record that King's did not intentionally disregard the legal process. We find the trial court did not abuse its discretion in relieving King's from judgment.

{¶30} In DeVault's case, he stopped working for King's shortly after the accident, but the complaint arose from actions within the course and scope of his employment. It was reasonable for DeVault to initially believe King's would respond on his behalf, and upon receipt of additional filings, DeVault realized King's had not responded and notified Dave King immediately. Lee also attested that DeVault had medical issues which

affected his priorities and attention.  We find the trial court did not abuse its discretion in relieving DeVault from judgment.

{¶31} Finally, we conclude appellees' motion to set aside the default judgment was timely.  The default was entered very shortly after appellees' answers were due, and upon review of the procedural timeline of the case, we are satisfied appellees acted with appropriate timeliness when they became aware of the default.

{¶32} The trial court did not abuse its discretion in finding that excusable neglect existed in this case and it is reasonable to conclude from the record that appellees, and those acting on their behalf, did not show disregard for the judicial system or appellant's rights. *Zimmerman,* supra, ¶ 18. The trial court could have reasonably concluded that appellees demonstrated regard for the judicial system in that they acted immediately upon learning of the default judgment, relaying the information as soon as it was received. *Id.* Obviously the best practice is to prevent notice from a statutory agent going into junk email, but under the circumstances here it was not unreasonable, arbitrary, or capricious for the trial court to find that this neglect was excusable.  See, *id.*

{¶33} Appellant's two assignments of error are therefore overruled.

**CONCLUSION**

{¶34} Appellant's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.


By:  Delaney, P.J.,

Gwin, J. and

King, J., concur.