[Cite as *Heslop v. Heslop*, 2025-Ohio-1963.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBIN HESLOP, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER HESLOP, | : | Case No. 2024 AP 06 0022 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County
Court of Common Pleas, Case No.
2016 TC 09 0405


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        May 29, 2025


APPEARANCES:

For Plaintiff-Appellant                              For Defendant-Appellee

SUSAN J. LAX                                       J. KEVIN LUNDHOLM
123 South Miller Road, Suite 250            300 East Third Street
Fairlawn, OH  44333                            Dover, OH  44622

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}    Appellant and Appellee were married on February 14, 2006.  The parties have two children as issue of their marriage. The parties were granted a divorce by the trial court on June 29, 2018. The Judgment Entry filed on June 29, 2018, ordered Appellee to pay child support to Appellant for the parties' two minor children.

{¶2}    Appellant filed a Motion to Modify the child support order on May 21, 2020. Said Motion was ruled upon by the trial court in a Magistrate's Decision filed on March 24, 2022. A Judgment Entry adopting the Magistrate's Decision was filed with the trial court on May 31, 2022. Appellant filed a Motion for Reconsideration on June 3, 2022. The trial court filed an entry overruling the Motion for Reconsideration on July 1, 2022.

{¶3}    In a separate action, the Tuscarawas County Child Support Enforcement Agency ("CSEA") submitted Findings and Recommendations to Terminate the Child Support Order for one of the parties' children on December 1, 2021. Appellant objected to the CSEA's findings and requested an administrative hearing. An administrative hearing was held on December 21, 2021, and the CSEA filed its Administrative Termination Hearing Decision on December 22, 2021. The trial court approved the CSEA's termination decision and filed a Termination Order-Contested on April 21, 2022.

{¶4}    Appellant did not appeal the trial court's decisions issued on April 21, 2022 or May 31, 2022.

{¶5}    Appellant filed a Motion for Relief from Judgment ("April Motion") with the trial court on April 20, 2023, seeking relief from the Termination Order-Contested filed by trial court on April 21, 2022.

**{¶6}** Appellant filed a second Motion for Relief from Judgment ("May Motion") with the trial court on May 31, 2023, seeking relief from the Judgment Entry filed by the trial court on May 31, 2022.

**{¶7}** Both of Appellant's motions for relief from judgments came before a magistrate for oral hearing on July 17, 2023. The magistrate issued a Magistrate's Decision on August 25, 2023, wherein she recommended that both Appellant's April Motion and May Motion be denied. Appellant filed timely objections to the magistrate's decision. The trial court held a non-oral hearing on Plaintiff's Objections to Magistrate's Decision on October 30, 2023. The trial court issued a Judgment Entry on May 10, 2024, dismissing Appellant's April Motion and May Motion.

**{¶8}** Appellant filed a Notice of Appeal on June 7, 2024, and asserts the following as errors made by the trial court:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WITH REGARD TO ITS DECISION DENYING APPELLANT'S APRIL 20, 2023 MOTION FOR RELIEF FROM JUDGMENT FROM THE APRIL 21, 2022 TERMINATION ORDER-CONTESTED, IN CASE NUMBER 2016 TC 09 0405."

**{¶10}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WITH REGARD TO ITS DECISION DENYING APPELLANT'S MAY 31, 2023 MOTION FOR RELIEF FROM JUDGMENT FROM THE MAY 31, 2022 JUDGMENT ENTRY ADOPTING THE MARCH 24, 2022 MAGISTRATE'S DECISION, IN CASE NUMBER 2016 TC 09 0405."

## ANALYSIS

**{¶11}** Appellant's April Motion and May Motion came before a magistrate on July 17, 2023. The magistrate issued a Magistrate's Decision on August 25, 2023. The Magistrate's Decision recommended:

1. Plaintiff's Motion for Relief from Judgment filed 4/20/23 should be denied.

2. Plaintiff's Motion for Relief from Judgment filed 5/31/2023 should be denied.

*Magistrate's Decision*, p. 8.

**{¶12}** The trial court ordered that, "the Findings of Fact and Conclusions of Law contained in the Magistrate's Decision filed on August 25, 2023 are hereby adopted as the Orders of the Court and Plaintiff's objections are overruled". *Judgment Entry*, p. 7.

**{¶13}** Appellant's first assignment of error argues that the trial court abused its discretion in overruling her objections to a magistrate's decision.

**{¶14}** This court will review a trial court's adoption of a magistrate's decision under an abuse-of-discretion standard. *Van Dress Law Offices Co., L.L.C. v. Dawson*, 2017-Ohio-8062, ¶ 15 (8th Dist.), citing *Agnew v. Muhammad*, 2014-Ohio-3419, ¶ 15 (8th Dist.), citing *Butcher v. Butcher*, 2011-Ohio-2550, ¶ 7 (8th Dist.).

**{¶15}** A court abuses its discretion if its decision was "unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment". *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶16}** This Court has held that, "[t]he decision whether to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion." *Davidenko v. King's Landscape & Bobcat Work, L.L.C.*, 2024-Ohio-5577, ¶ 22 (5th Dist.), citing *Zimmerman ex rel. Hahn v. Hamilton*, 2004-Ohio-1461, ¶ 13 (5th Dist.).

**{¶17}** To obtain relief from judgment under Civ.R. 60(B), "a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds

of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken". *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E. 2d 113 (1976).

**{¶18}** Civ.R. 60(B) states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶19}** Appellant states in her brief that, "the trial court abused its discretion in overruling Appellant's April 20, 2023, Objections to the Magistrate's Decision". *Appellant's Brief*, p. 18 and *Reply Brief of Appellant*, p. 2. Upon review of the Tuscarawas County Common Pleas Docket Sheet for case 2016 TC 09 0405, this Court finds the only documents filed on April 20, 2023, were a Notice of Appearance filed by Attorney Susan Lax and Plaintiff's Motion for Relief from Judgment. Appellant did not file objections to a

magistrate's decision on April 20, 2023, and the trial court did not overrule objections that were not filed.

{¶20} Appellant also argued in her April Motion and Appellant Brief that she is entitled to relief from the judgment "on grounds of mistake under Civ.R. 60(B)(3)". *Plaintiff's Motion for Relief from Judgment,* p. 3 and *Appellant's Brief*, p. 8.

{¶21} Civ.R. 60(B)(3) allows for relief from a judgment on grounds of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party". Appellant makes no arguments in her April Motion or her Appellate Brief that Appellee committed fraud, misrepresentation or misconduct. However, Appellant argued in her April Motion that she was entitled to relief on grounds that the trial court made a mistake in finding "neither party objected to this administrative decision". *Id.*, p. 3. Appellant's argument that she is entitled to relief because of a "mistake" in accordance with Civ.R. 60(B)(3) is not supported by the civil rules, statute or caselaw.

{¶22} Appellant argues in her April and May Motions that the magistrate made several mistakes in her findings of fact adopted by the trial court on May 10, 2024. Appellant specifically argues in both motions that the magistrate erred in finding "neither party objected to this administrative termination hearing decision". Appellant's brief states, "[p]laintiff *did* file objections to that decision". *Appellant Brief*, p. 8. It is clear from this Court's review of the trial court's record that Appellant filed an objection to the Findings and Recommendations to Terminate the Child Support Order on December 1, 2021. However, contrary to Appellant's statement made in her brief, Appellant failed to file an

objection to the CSEA's Administrative Termination Hearing Decision. Appellant's statement that, "[p]laintiff *did* file objections to that decision" is simply untrue.

**{¶23}** Appellant's brief makes another statement that is not supported by the court's record. Appellant states, "[t]he 'mistake' that Appellant cited in her April 20, 2023, Motion for Relief from Judgment, as well as in her May 31, 2023, Motion for Relief from Judgment, was a mistake by her legal representative." *Appellant Brief*, p. 16. This Court has reviewed Appellant's April and May Motions and finds that Appellant failed to argue mistake by Appellant's legal representative in either motion.

**{¶24}** Appellant's April Motion argued that she is entitled to relief on grounds that the trial court's Judgment Entry issued on April 21, 2022, was a defacto denial of her May 21, 2020, Motion to Modify. *April Motion*, pp. 3 and 4. Appellant's brief states she was "deprived of her procedural Due Process rights with respect to her request for a modification". *Id.* It is this argument that Appellant asserts as grounds for relief in accordance with Civ.R. 60(B)(4).

**{¶25}** Appellant is correct in that the Motion to Modify child support was heard by the trial court after the Termination Order-Contested was filed. However, Appellant's argument that this somehow deprived Appellant of procedural due process and that she is entitled to relief under Civ.R. 60(B)(4) fails to cite any legal authority in support for her argument as required by App.R. 16(A)(7). This Court finds Appellant's argument to be without merit.

**{¶26}** Appellant argues that the trial court's finding that Appellant's April Motion and May Motion were "not filed within a reasonable time" is an abuse of the trial court's discretion. The magistrate found that, "[a] review of Plaintiff's motions and the Court file

indicate that the facts supporting the matters raised by Plaintiff were in the Court file and/or known to Plaintiff in March, 2022 at the latest." *Id.* The Judgment Entry ordered that, "Findings of Fact and Conclusions of Law contained in the Magistrate's Decision filed on August 25, 2023, should be adopted as Orders of the Court". *Id.,* p. 8.

**{¶27}** Appellant's brief relies on a typographical error made by the judge in his May 10, 2024, Judgment Entry. Appellant argues that the trial court's finding that her motions were not filed within a reasonable time is arbitrary, unconscionable and unreasonable. *Appellant Brief*, p. 25. The magistrate found that the facts were "known or should have been known in March, 2022". *Magistrate's Decision*, p. 8. The Judgment Entry incorrectly quotes the magistrate's finding by stating, "the matters raised by Plaintiff were either known or should have been known to Plaintiff in March 2023". *Judgment Entry*, p. 4. It is clear to this Court that "2023" is a typographical error.

**{¶28}** Appellant filed her April Motion on April 20, 2023, nearly one year after the trial court filed its Termination Order-Contested. Appellant filed her May Motion nearly one year after the trial court issued its Judgment Entry. The trial court found that even though the April Motion and May Motion were filed within one year of the court's judgment entry, that it was "not reasonable for Plaintiff to wait essentially a full year after the filing of the relevant Court Orders". *Magistrate's Decision*, p. 8.

**{¶29}** "The determination of what is a reasonable time is left to the sound discretion of the trial court." *In Re Guardianship of Brunstetter*, 2002-Ohio-6940, ¶ 12 (11th Dist.). *Brunstetter* states, "An appellate court generally will not find an abuse of discretion in reviewing a trial court's determination that a Civ.R. 60(B) motion is untimely

unless there are evidentiary materials or operative facts in the record showing that the Civ.R. 60(B) motion was filed within a reasonable time." *Id.*

**{¶30}** Appellant argues in her brief that her April Motion and May Motion were filed within a reasonable time because she was not represented by counsel from July, 2022 until April, 2023. *Appellant Brief*, p. 14. However, Appellant failed to identify where in the court's record this argument was made in either motion or during the hearing held on July 17, 2023.

**{¶31}** The trial court cited *Brunstetter* in stating, "A movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." Appellant has failed to cite where in the record she presented the trial court with evidential material or operative facts as to why her motions were filed within a reasonable time. The trial court did not abuse its discretion in finding Appellant's Civ.R. 60(B) motions were not filed within a reasonable time.

**{¶32}** Upon review of the record, we find Appellant's argument that the trial court abused its discretion in overruling Appellant's April 20, 2023, Objections to the Magistrate's Decision is without merit. This Court also finds that the trial court's decision to deny Plaintiff's Motion for Relief from Judgment filed on April 20, 2023, is not unreasonable, arbitrary or unconscionable.

**{¶33}** Appellant's second assignment of error states, "[t]he trial court abused its discretion in overruling Appellant's Objections to the Magistrate's Decision with regard to its decision denying Appellant's May 31, 2023 Motion for Relief from Judgment from the May 31, 2022 Judgment Entry adopting the March 24, 2022 Magistrate's Decision, in Case number 2016 TC 09 0405."

**{¶34}** Appellant's May motion cites Civ.R. 60(B)(1) and (4) as authority for her request.

**{¶35}** Appellant argues, "[p]laintiff is also entitled to relief from judgment on grounds of mistake, based on this Court's erroneous findings of fact and conclusions of law in its Judgment Entry and incorporated Magistrate's Decision, as set forth in Civ.R. 60(B)(1)." *May Motion,* p. 6. Appellant further states, "[b]y making these incorrect findings of fact, the trial court has, in effect deprived Plaintiff of her procedural Due Process rights." *Id.*, p. 5.

**{¶36}** *Perez v. Angell*, 2007-Ohio-4519, ¶ 9, stated, "[w]here a party alleges an error which concerns 'substantive, contested factual issues and potentially complex legal arguments' that 'could have been supported by transcripts and evidence in the record,' a direct appeal, not a Civ.R. 60(B) motion, is the 'only proper vehicle for the correction' of said error."

**{¶37}** The trial court found, "the issues raised by Plaintiff in her motion are all matters that could have been raised on appeal". *Magistrate's Decision*, p. 7. The trial court went on to find that, "it would be improper to consider the issues raised pursuant to the currently pending Civ.R. 60(B) motions, as it appears that Plaintiff may be attempting to use her motions as a substitute for a timely appeal". *Id.* The trial court cited *Key v. Mitchell,* 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548, 549 (1998), "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."

{¶38} Appellant's May Motion clearly argues that she is seeking relief on grounds that the trial court made erroneous findings of facts and conclusions of law. The proper vehicle to challenge these factual issues is a timely appeal.

{¶39} The Judgment Entry filed on May 10, 2024, in the Tuscarawas County Court of Common Pleas, was not arbitrary, unreasonable or unconscionable.

## CONCLUSION

{¶40} Based on the foregoing, Appellant's first and second assignments of error are overruled. The judgment of the Tuscarawas County Court of Common Pleas is affirmed in all respects.

By: Montgomery, J.

Hoffman, P.J. and

Gormley, J. concur.